tion had been made, I think he was a vice principal within the meaning of the act. Such has been the interpretation of a similar law of our own Legislature particularly modifying a prior statute so as to meet the narrow interpretation placed upon the law by the case of Guilmartin v. Solvay Process Co., 189 N. Y. 490, 82 N. E. 725.

Motion to set aside the verdict and grant a new trial denied.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and RICH, JJ.

Pierre M. Brown, of New York City, for appellant.

David C. Hirsch, of New York City (John F. McIntyre, of New York City, on the brief), for respondent.

PER CURIAM. Judgment and order unanimously affirmed, with costs, on the opinion of Crane, J., at Trial Term.

---

FORTINO v. MERCHANTS' DISPATCH TRANSP. CO.

(Supreme Court, Appellate Division, Third Department. November 10, 1915.)

MASTER AND SERVANT ⊕═250¾, New, vol. 16 Key-No. Series—INJURIES TO SERVANT—WORKMEN'S COMPENSATION ACT—"LOSS OF FINGER."

Where an injury resulted in the taking off of a portion of the second phalange of plaintiff's index finger by amputation, compensation for the injury must be made on the basis of the total loss of the finger.

Appeal from Workmen's Compensation Commission.

Proceeding by Nicolo Fortino against the Merchants' Dispatch Transportation Company for compensation for personal injuries under the Workmen's Compensation Act (Consol. Laws, c. 67). From an award of the Workmen's Compensation Commission, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Harris, Beach, Harris & Matson, of Rochester (Daniel M. Beach, of Rochester, of counsel), for appellant.

Jeremiah F. Connor, of New York City, Counsel to Workmen's Compensation Commission, and

Egburt E. Woodbury, Atty. Gen. (Harold J. Hinman, Deputy Atty. Gen., of counsel), for respondent.

PER CURIAM. The claimant in the present proceeding has an award as for the total loss of the index finger of his left hand, the amputation made necessary by the injury resulting in the taking of a portion of the second phalange of the finger. Unless this court is to withdraw from the deliberate reasoning in Matter of Petrie, 165 App. Div. 561, 151 N. Y. Supp. 307, where we attempted to reach the true construction of the statute, the determination of the commission must be approved in this case. We are the more willing to reach this conclusion in view of the fact that any other construction would require a holding that this injury comes within "other cases," as defined in

the statute, and might result, as was claimed in Matter of Feinman, 155 N. Y. Supp. 909 (decided at the present term), in a continuing liability largely in excess of that provided by the statute for the entire loss of a finger. We think the appellant would not care to have the rule extended beyond the limitations which are being worked out, and it is not the policy of the law to involve claimants or insurance carriers in uncertain liabilities.

The award should be affirmed.

---

### SCHOENFELD v. MOTT AVE. REALTY CO. et al.

#### (Bronx County Court.   December 10, 1915.)

LANDLORD AND TENANT ⬅170—NUISANCE—LIABILITY OF LANDLORD—BURDEN OF PROOF.

Where a pedestrian was injured by falling into a lawfully constructed cellarway within the stoop line of leased premises, control of which the landlord had granted his tenant, he had, in his action against the landlord, the burden of proving the cellarway so negligently constructed as to be a nuisance per se, or contrary to ordinance.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 685-690; Dec. Dig. ⬅170.]

Action by Rebecca Schoenfeld against the Mott Avenue Realty Company and another. Heard on application of the plaintiff for a reargument of defendants' motion to dismiss the complaint, and for an order setting aside the dismissal as to the company, and for a new trial. Motion denied.

See, also, 168 App. Div. 91, 153 N. Y. Supp. 745.

Bershad & Gossett, of New York City, for plaintiff.

James F. Mahan, of New York City, for defendants.

GIBBS, J. The questions herein arise on an application made by the plaintiff for the reargument of a motion made by the defendant to dismiss the plaintiff's complaint at the trial, and for an order setting aside the dismissal of the complaint herein as against the Mott avenue Realty Company, and for a new trial. Originally the action was brought against the Mott Avenue Realty Company as codefendant with one Isidore Levy.

The defendant Mott Avenue Realty Company is the owner and lessor of No. 870 Intervale avenue, county of Bronx, and the said Isidore Levy is the lessee in possession of a part of the said premises, including a basement or cellar. On the trial, judgment in the amount of $300 was recovered against the lessee, Isidore Levy. The action against the defendants was on the theory of negligence and nuisance, and at the conclusion of the plaintiff's case the complaint against the Mott Avenue Realty Company was dismissed upon motion of the defendant. The evidence indicated that the premises referred to and occupied by the lessee consisted of a store and basement, or cellar. The cellar in question is of the ordinary type to be found in front of