Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ROBERT THOMPSON, Respondent, for Compensation under the Workmen's Compensation Law, *v.* SHERWOOD SHOE COMPANY, Employer, and AMERICAN MUTUAL COMPENSATION INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, May 2, 1917.

**Workmen's Compensation Law — amputation of one-fourth of an inch of tip of one finger not the loss of one-half thereof.**

The loss by amputation of approximately one-fourth of an inch of the tip of one of a claimant's forefingers, no claim being made of any further injury to the finger, does not constitute the loss of the first phalange so as to warrant an award for the loss of one-half the finger.

APPEAL by the defendants, Sherwood Shoe Company and another, from an award of the State Industrial Commission, entered in the Albany office of said Commission on the 9th day of November, 1916.

*Jeremiah F. Connor,* for the appellants.

*Robert Thompson,* for the claimant, respondent.

*Egburt E. Woodbury, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel to Commission, for the respondent State Industrial Commission.

LYON, J.:

In July, 1916, the claimant suffered the loss by amputation of approximately one-fourth of an inch of the tip of one of his forefingers. No claim is made of any further injury to the finger. The X-ray photograph contained in the record indicates that the entire bulbous terminal of the tip of the finger was not taken off. The attending physician described the treatment: "Pieces of bone removed, wound closed, antiseptic dressings applied." The claimant stated in answer to the question, " Will you be able to take up regular employment when you return to work?" "Yes, but will not be able to accomplish as much as before accident." The State Industrial Commission holding that the injury constituted the loss of the first phalange of the finger made an award of twenty-three weeks' compensation which was the full statutory award for the loss of one-half the finger. The employer and insurance carrier have appealed, claiming that the loss of so small a portion of the finger did not constitute the loss of substantially all the phalange, and hence that the award was not warranted. In this we think the appellants are correct.

In the case of *Geiger* v. *Gotham Can Co.* (177 App. Div. 29) we held, discussing authorities bearing upon the question, that the amputation of one-eighth of an inch of the tip of a finger did not entitle the claimant to be awarded compensation for the loss of the entire first phalange. We do not think the loss of an additional one-eighth of an inch of the tip of a finger with the result shown in the case at bar in any way alters the legal principle, and hence that the award should be set

aside and the claim remitted to the Commission for further consideration. It may be observed that while the findings of the Commission state the injury as having occurred to the forefinger of the right hand, the statements of the claimant, employer and attending physician state that the injury was to the forefinger of the left hand, a clerical error undoubtedly on the record.

The award should be reversed and the claim remitted to the Commission for further consideration.

All concurred.

Award reversed and matter remitted to the Commission for further consideration.