Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MENDEL BARON, Respondent, for Compensation under the Workmen's Compensation Law, against NATIONAL METAL SPINNING AND STAMPING COMPANY, Employer, and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier, Appellants.

Third Department, March 6, 1918.

**Workmen's Compensation Law — loss of first and injury to second phalanx not loss of entire thumb.**

Where a claimant has had the first or distal phalanx of his thumb amputated and has suffered a slight injury to the second or proximal phalanx, but not sufficient to lessen the use thereof, he is only entitled to an award for the loss of one-half a thumb.

In order to entitle such claimant to an award for the loss of the entire thumb under subdivision 3 of section 15 of the Workmen's Compensation Law, providing that " the loss of more than one phalange shall be considered as the loss of the entire thumb or finger," it must appear that he has lost a substantial portion of the second phalanx so as to materially lessen his use thereof.

APPEAL by the defendants, National Metal Spinning and Stamping Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 17th day of September, 1917

*Bertrand L. Pettigrew* and *Walter L. Glenney,* for the appellants.

*Merton E, Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel for State Industrial Commission, for the respondents.

LYON, J.:

The question presented by this appeal is whether the claimant was entitled to be awarded compensation for the loss of an entire thumb, or for the loss of only one-half a thumb.

In March, 1917, the claimant while engaged in feeding metal into a power press at the plant of his employer, a manufacturer of brass goods in the city of New York, had his thumb accidentally caught in the press and the end of it crushed. The State Industrial Commission made an award of compensation for the loss of the entire thumb. The appellants claim that the award should have been limited to an award for the loss of one-half the thumb.

There is practically no dispute as to the nature and extent of the injury which the claimant sustained. The first or distal phalanx was amputated. The injury to the second or proximal phalanx consisted of the removal of a small triangular piece of bone about three-eighths of an inch in length on its longest side, running to a point on the inside of the thumb, which had for its base a portion of the apex of the phalanx. An X-ray photograph shows the fleshy covering of the whole proximal phalanx of the injured thumb to be practically the same as that of the uninjured thumb. The report of a surgeon of the medical division of the Commission mentions the injury to the proximal phalanx as being no more than the involvement of a very small portion of the bone.

The Commission has found that the injuries resulted in the amputation and loss of the distal phalanx together with the oblique loss of the tip of the proximal phalanx of the left

thumb, "considered as the loss of the entire left thumb." The evidence, which includes an X-ray photograph showing distinctly the nature and extent of the injury to the proximal phalanx, being undisputed, the finding of the Commission that the injuries should be considered as the loss of the entire thumb is a legal conclusion subject to review by this court.

Section 15, subdivision 3, of the Workmen's Compensation Law (Consol. Laws, chap. 67), in force at the time of the injury, provided: "The loss of the first phalange of the thumb or finger shall be considered to be equal to the loss of one-half of such thumb or finger, and compensation shall be one-half of the amount above specified. The loss of more than one phalange shall be considered as the loss of the entire thumb or finger." Whether the award should have been for the loss of the entire thumb or for the loss of only one-half the thumb depends very much upon the construction which should be given the last sentence above quoted. If the sentence means that the loss, however slight, of more than one phalanx of a thumb or finger shall entitle a claimant to an award of compensation for the loss of the entire thumb or finger, then the taking off of the most minute sliver of the second phalanx, without regard to whether it in fact disabled the second phalanx, would entitle the claimant to an award for the loss of an entire finger. However, if the sentence should be construed as requiring the loss of more phalanges than one in order to constitute the loss of an entire finger, then the loss of a portion of the second phalanx must be so substantial as to entitle the claimant to an award if it were the only phalanx injured. Apparently, it was not the intention of the Legislature that a different rule should be applied to an injury to the proximal phalanx of a thumb or finger from that applicable to the distal phalanx, and that an injury which should be treated as inconsequential when occurring to one phalanx should be treated as creating disability and compensative when occurring to another. The statute makes no such distinction. It treats both alike. In either case the disability to the phalanx to be compensative must be, as was said in the frequently quoted portion of the opinion in *Matter of Grammici* v. *Zinn* (219 N. Y. 322): That a "hand, or the use of it, was not lost, provided it could fulfill, in a

degree fair and worth considering, in any employment for which the claimant was physically and mentally fitted or adaptive, its normal and natural functions." In *Matter of Petrie* (215 N. Y. 335) it was held that the provisions of the statute for compensation for the loss of a certain part of a finger become operative and applicable when it appears that substantially all of the portion of the finger so designated has been lost.

It is apparent from an inspection of the X-ray picture that the slight chipping off of the second phalanx has not lessened the use of the phalanx. The Commission has made no finding that the injury has so done or that the loss suffered by the claimant is of a substantial portion of the phalanx. The case is practically identical as to the seriousness of the injury with the following cases relating to injuries to the distal phalanx: *Mockler* v. *Hawkes* (173 App. Div. 333); *Geiger* v. *Gotham Can Co.* (177 id. 29), and *Thompson* v. *Sherwood Shoe Co.* (178 id. 319), in each of which we held that the injury did not constitute the loss of a phalanx.

The award should be reversed and the claim remitted to the Commission.

All concurred.

Award reversed and matter remitted to Commission.