Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of NELSON F. TETRO, Respondent, for Compensation under the Workmen's Compensation Law, *v.* SUPERIOR PRINTING AND BOX COMPANY, Employer, and THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Insurance Carrier, Appellants.

Third Department, November 13, 1918.

**Workmen's Compensation Law — loss of portion of distal phalange of index finger — when award for equivalent loss of one-half of index finger erroneous.**

Where a claimant suffered the loss of a part of the distal phalange of his index finger, which loss more nearly approached a one-fourth than a one-half of the distal phalange, an award " for the equivalent loss of one-half of the index finger of the right hand " is erroneous.

APPEAL by the defendants, Superior Printing and Box Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 25th day of June, 1918.

*Nadal, Jones & Mowton* [*Edward P. Mowton* of counsel], for the appellants.

*Merton E. Lewis, Attorney-General,* and *Robert W. Bonynge,* counsel for the State Industrial Commission, for the respondents.

H. T. KELLOGG, J.:

The claimant was granted an award " for the equivalent loss of one-half of the index finger of the right hand." In an agreement between the claimant and his employer the nature of the injury had been stated to be " the tip of index finger of right hand was crushed. The nail taken away and part of the flesh." The report of the attending physician described

it as " absence of part of end of index finger." No testimony was introduced at the hearing, but a discussion then had between the attorneys and the members of the Commission discloses that there was a loss of not less than one-quarter and not more than one-half of the distal phalange of the index finger, including a portion of the bone thereof. The X-ray photographs forming part of the record show that the loss more nearly approached a one-quarter than a one-half of the distal phalange. It is a " loss of the first phalange," not of a part thereof, which is made equivalent to the loss of one-half of the finger. (Workmen's Compensation Law, § 15, subd. 3.) It is not necessary that every particle of the first phalange be lost. Yet it is necessary to show that " substantially all of the portion of the finger so designated has been lost." (*Matter of Petrie*, 215 N. Y. 335.) A loss of one-quarter of the first phalange is not the loss of the entire phalange. (*Thompson* v. *Sherwood Shoe Co.*, 178 App. Div. 319.) The loss under consideration here was but little more than that considered in the *Thompson* case. It certainly did not approximate a loss of substantially all of the first phalange which was made the criterion by the *Petrie* case. The award was, therefore, erroneous.

The award should be reversed and the claim remitted to the Commission for further consideration.

All concurred.

Award reversed and matter remitted to the Commission.