Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of HERBERT P. STRINGHAM, Respondent, for Compensation under the Workmen's Compensation Law, *v.* JAY E. ASHTON, Employer, and THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Insurance Carrier, Appellants.

Third Department, January 5, 1921.

Workmen's Compensation Law — injury to right index finger causing loss of one-third of motion of terminal or distal joint — award for loss of fifty per cent of finger erroneous — finding that "vocational" function of phalange was destroyed not supported by evidence.

An award for the loss of fifty per cent of the claimant's right index finger should not be made under subdivision 3 of section 15 of the Workmen's Compensation Law, where the evidence shows that there is no interference with the function of the finger except that there has been a loss of about one-third of the motion of the terminal or distal joint, so that the claimant cannot bring the end of the finger into the palm of his hand.

The finding that the claimant, who was a sawyer by occupation, has lost the "vocational" function of the phalange was improper under the evidence.

If the claimant's finger or phalange could fulfill to any reasonable extent some of its natural functions in any employment or vocation for which he was adapted, the use of the finger or phalange is not lost.

JOHN M. KELLOGG, P. J., dissents.

APPEAL by the defendants, Jay E. Ashton and another, from an award of the State Industrial Commission, entered in the office of said Commission at Albany on the 9th

day of March, 1920, and, as stated in the notice of appeal, from the findings of fact, rulings of law, and decision.

*Nadal, Jones & Mowton* [*Edward P. Mowton* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, J.:

On the hearing before the Commission a physician testified that the injury to the claimant consisted of a limitation of the motion of the terminal or distal joint of the index finger of the right hand. He said: " This limitation which is about one-third of the motion of the terminal joint interferes with the closing of the index finger of the right hand. * * * It will interfere with the function of that finger permanently; he cannot bring it clear down. * * * It doesn't interfere with the function of the finger except in closing." In other words, the claimant has lost about one-third of the motion in the terminal or distal joint of the index finger.

On the foregoing evidence, which is all there is on which to base a finding as to the nature of the injury, the Commission has found as follows: " Said injuries and the consequences heretofore described totally destroyed the useful vocational function of the distal phalange of his right index finger, and the said injuries produced a permanent condition equivalent to the loss of 50% of his right index finger," and has made an award accordingly. The accident happened on October 17, 1919.

" Permanent loss of the use of a * * * phalange shall be considered as the equivalent of the loss of such * * * phalange " and " the loss of the first phalange of the thumb or finger shall be considered to be equal to the loss of one-half of such thumb or finger." (Workmen's Compensation Law, § 15, subd. 3, as amd. by Laws of 1917, chap. 705.)* The above finding indicates that the award was made under the foregoing provisions of the statute, but clearly such provisions do not justify the award because there has been no loss either of the distal

* Since amd. by Laws of 1920, chaps. 532, 533.— [REP.

phalange or of the use thereof, the evidence showing that there is no interference with the function of the finger except that there has been a loss of about one-third of the motion of the terminal or distal joint. The claimant cannot bring the end of the index finger down into the palm of his hand. The Commission in order to make the award found it was the " *vocational* " function of the phalange which was destroyed. This was improper. The claimant was a sawyer by occupation. The fact that the injury may have seriously interfered with the prosecution of his vocation as a sawyer does not establish that he has lost the phalange of his finger or the use of it. If his finger or phalange could fulfill to any reasonable extent some of its natural functions in any employment or vocation for which he 'was· adaptive the use of such finger or phalange is not lost. (*Matter of Grammici* v. *Zinn,* 219 N. Y. 322.)

The award should be reversed and the matter remitted to the Commission.

All concur, except JOHN M. KELLOGG, P. J., dissenting.

Award reversed and matter remitted to the Commission.