## HARLAND C. MAXWELL'S CASE.

### Kennebec.   Opinion January 13, 1921.

*Workmen's Compensation Act.   What must be set out in the petition.   Plain
requirements of the statutes must be observed.   Agreement between the employer
or the insurance carrier and the employee, is binding, except in cases of fraud,
and can not be modified, or reviewed, except under Section 36 of said
Act.   The loss of the whole phalange of a finger, rather than a part,
is equivalent to the loss of half the finger.   Approval of agree-
ments by the labor commissioner.*

*Held:*

That in petitions to the Industrial Accident Commission the nature of the peti-
tioner's claim and the matter in dispute should be set out in the petition;
that while the Industrial Accident Commission is authorized to provide printed
blanks for such petitions it may not dispense with a plain requirement of
the statutes.

When an employee has entered into an agreement with his employer or the
insurance carrier and it has been duly approved by the labor commissioner,
such agreement within the limits of its terms has the binding effect of a judg-
ment between the parties and may not be modified, or reviewed or additional
compensation given except under Section 36 of the Compensation Act, except,
of course, in cases of fraud.

The loss of a "trifle" more than two-thirds of the distal phalange of a finger ·
is not the same as the loss of the whole phalange under the Compensation
Act of Maine, especially when some of the function of that phalange is still
preserved.   It is the loss of the whole phalange, rather than of a part, that·
under the statute is equivalent to the loss of half the finger.

In this case it not appearing whether the agreement referred to was approved
by the labor commissioner, or that provisions of the Act it covered, the case
should be recommitted to the Industrial Accident Commission, where the
petition may be amended, and if not barred by the terms of the agreement,
or if the agreement was not duly approved, the petitioner may recover such
compensation as the facts warrant.

On appeal from a decision of the chairman of the Industrial Acci-
dent Commission.   The respondents in their answer to the petition
alleged that the matter at issue was not sufficiently set out in the

petition, and asked to have the petition amended, which was refused, and further alleged that claimant entered into an agreement with respondents for compensation, as provided by law, which compensation had been paid, when due, and that claimant was not entitled to further compensation than that provided under said agreement.

Appeal sustained. ·

Case is fully stated in the opinion.

Claimant not being represented by counsel, his examination was conducted by Arthur L. Thayer, Chairman of Industrial Accident Commission.

*Andrews & Nelson, and W. T. Gardiner,* for respondents.

SITTING: SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

WILSON, J. An appeal from a decree of a sitting Justice under Section 34 of the Workmen's Compensation Act, now found in Chap. 238, P. L., 1919, confirming the findings of the chairman of the Industrial Accident Commission. The petitioner was injured in the mill of the Winthrop Mills Company on the sixth day of December, 1919. From the report of the evidence, it appears that the petitioner and his employer entered into an agreement as to the compensation he was entitled to receive under the Compensation Act, which was paid to him under and in accordance with the agreement for seven and a fraction weeks or until February 7th, 1920.

More than a month after the payments under this agreement ceased, on March 20, 1920, the petition on which these proceedings are based was filed with the Commission as though no agreement had been entered into. The petition evidently was made on a printed form furnished by the Commission, and in substance sets forth as the basis of his claim: First, that he was injured on the sixth day of December, 1919, by an accident arising out of and in course of his employment with the Winthrop Mills Co.; second, that the accident occurred through his finger being caught in the gears of the machinery in the mill where he was employed; third, that it resulted in a "laceration of the end of the finger middle of left hand requiring amputation of the end."

The remainder of the petition follows in full:

"Did employer have notice in writing of the accident?   Yes.

Did employer have knowledge of the injury? Yes.

Have you entered into an agreement on a form furnished by the Commission?

Has said agreement been approved by the Commissioner of Labor? No.

Whereupon your petitioner prays that after due notice a hearing may be had thereon and that he may be awarded such compensation as he may be entitled to in the premises."

A hearing was held by the chairman of the Commission. It appears from the printed case that the accident resulted in a "trifle" more than two-thirds of the distal phalange of the middle finger of the left hand being amputated. There was left, however, sufficient of the phalange so that the finger could be bent at the first joint and the roots of the nail were still left.

According to the testimony of the petitioner it was his intention under these proceedings to claim compensation for the permanent impairment of the usefulness of the finger, presumably under the last paragraph of Section 16 of the Act. The chairman of the Commission, however, heard the case alone and awarded him compensation under Section 16 as though for the loss of the entire phalange and upon the consideration as he put it, that "for all practical and useful purposes the phalange is gone."

The respondents filed a formal answer and contend; first, that the petition is deficient in that it does not set forth the "matter in dispute and the petitioner's claim in reference thereto" as required by Section 30 of the Act, and that the commissioner who heard the case should have ordered it amended to comply with the statute which, though requested, he refused to do, and held the petition sufficient and proceeded with the hearing; second, that having already entered into an agreement and received compensation under it he cannot obtain additional compensation except by proceeding under Section 36 of the Act; third, that since the petitioner based his claim on the permanent impairment of the usefulness of the finger, the amount of the compensation to which he was entitled could not be determined until the full Commission had determined the extent to which the usefulness was impaired; fourth, that the finding of the chairman that the petitioner suffered the loss of the entire distal phalange was not warranted from the evidence inasmuch as it appeared that nearly a third of the bone of

the phalange remained, and as a matter of law it was error to hold that the loss "for all practical or useful purposes" should enter into the determination of whether the loss of even a major part of a phalange entitled the petitioner to compensation under the specific provisions of Section 16 of the Act as for the loss of the entire phalange.

We think the contentions of the respondents, in part at least, must be sustained. Even though the Commission may under Section 37 of the Act provide blank forms for petitioners, it cannot dispense with the plain requirements of the statute. Section 30 of the Act requires that the petition shall set forth "the matter in dispute and the claim of the petitioner in reference thereto." The respondent is entitled to have this provision complied with in order that he may be prepared to meet the claim. Especially is this so since the addition of the last paragraph to Section 16, in order that it may appear at the outset whether the chairman or the full Commission must hear. The petition printed as a part of this case contains nothing that would apprise anyone of the matter in dispute or the petitioner's claim relating thereto. Technical or formal language should not be required, but in substance the nature of the petitioner's claim should be set out in his petition—whether for partial or total incapacity, for specific compensation or permanent impairment of the usefulness of the member. We think as a matter of procedure the chairman should have ordered the petition amended as requested by the respondents, but whether a failure to do so alone constitutes a ground of appeal, unless it clearly appears that the rights of the respondent were thereby prejudiced, it is not necessary to decide in this case.

As to the respondent's contention that since an agreement was entered into between the petitioner and the respondent under which the petitioner has already received compensation and which under Section 35 of the Act has the binding force of a judgment, he is thereby precluded from receiving any additional compensation unless such agreement is first modified in accordance with the provisions of Section 36. Such, we think, would be the result if the agreement has been approved by the labor commissioner and is broad enough to cover all the compensation to which he is entitled under the Act. Such agreements, however, do not bind the employee except as to the conditions covered by them as a basis for the

compensation agreed upon. Hunnewell's Case, 220 Mass., 351; Lemieux Case, 223 Mass., 346. It does not appear from the printed case whether the agreement referred to in the evidence was ever approved by the commissioner of labor, or what its terms were. Its approval is expressly denied in the petition. Upon the evidence before us we are therefore unable to pass upon the respondent's contention on this point.

In answer to a question by the chairman, the petitioner stated that he asked the compensation in these proceedings upon the ground that there had been a permanent impairment of his finger—meaning in usefulness—by reason of the injury he suffered. Whereupon the respondents objected to further hearing by the chairman alone, as such claims under the last paragraph of Section 16 of the Act must be determined by the full Commission.

The chairman, however, heard the case, but based his decision on an entirely different ground, viz: That the loss, as he puts it, of "nearly three-fourths of the distal phalange, constitutes the loss of the entire phalange for all practical or useful purposes," and held that the petitioner had lost the phalange of his finger within the meaning of Section 16 of the Act and was entitled to specific compensation therein provided, less the sums he had already received.

The decision just handed down by this court in the case of *McLean, v. American Express Company*, 119 Maine, 322, is decisive on this point especially in view of the addition to Section 16 in the re-enactment of the law in 1919, whereby compensation may be granted in cases of impairments of the usefulness or physical function of a member even though it is not entirely lost. This court in the above case said, in speaking of the loss of two-thirds of the foot: "We think it is more consonant with judicial interpretation to hold that according to the common meaning of the language the statutory words, 'the loss of the foot' means the loss of the entire foot and not a fractional part thereof."

The New York courts have adopted the construction of a provision corresponding to the one under consideration that where "substantially" all of the phalange is gone, the Accident Commission is justified in holding that there has been a loss of the phalange. In the case of Matter of Petrie, 215 N. Y., 335, though it is not entirely clear just how much of the phalange was gone, it upheld

the finding of the Commission that there was a loss of the phalange upon the application of this rule. In *Tetro* v. *Superior Printing & Box Co.*, 172 N. Y. S., 722, however, where only one-fourth of the bone was lost the court said: "It is a loss of the first phalange, not a part thereof which is equivalent to the loss of half the finger," but it still adhered to its ruling in the Matter of Petrie, *supra*, that where "substantially" all of the portion of the finger specified in the Act is lost it may be regarded as a loss of that portion. Under the Compensation Act of this State as now amended we see no occasion for adopting this rule.

In the case at bar, however, since the injured employee still retains some of the functions of the designated member,—i. e., enough of the phalange remaining so that it may be fairly said, we think, that he is still able to bend the injured finger at the distal joint, and had practically one-third of the bone of the phalange left, and some part at least of the nail,—he cannot be said to have lost even substantially all of the phalange, and the ruling of the chairman of the Commission that since it was lost for all practical and useful purposes, it was lost within the meaning of the statute, was error.

A liberal construction of the Act does not require the court to strain plain and unequivocal language to this point.

However, since it does not appear whether the agreement alleged to have been made was signed by the labor commissioner or what its terms were, the case should be recommitted to the Industrial Accident Commission, where, if not barred by the alleged agreement, the petitioner may amend his petition and obtain compensation, if the facts warrant, for permanent impairment of use of the injured member. McKenna's Case, 117 Maine, 179.

> *Appeal sustained. Findings of sitting Justice reversed. Case recommitted to Industrial Accident Commission for further hearing.*