(94 South. 347)

### Ex parte PURITAN BAKING CO.

### PURITAN BAKING ,CO. v. VOLTON.

### (6 Div. 724.)

(Supreme Court of Alabama. Oct. 26. 1922.)

Master and servant ⊝⇒385(12)—Loss of one phalange of finger and of substantial portion of another phalange compensable as for loss of finger.

Under Workmen's Compensation Act, § 13, subd. "c," providing that the loss of two or more phalanges shall be considered as the loss of the entire finger or thumb, where, in addition to loss of first phalange of fingers of an employé, a substantial portion of the second phalanges of these fingers had been removed, and as a result of the accident had become so stiffened as to destroy, to all practical purposes, the usefulness of the second phalanges, *held*, that award of compensation was justified as upon the loss of both phalanges, therefore entitling the employé to compensation for the loss of the entire fingers.

Certiorari to Circuit Court, Jefferson County; J. Q. Smith, Judge.

Proceeding under the Workmen's Compensation Act by Cleve Volton, claimant, opposed by Puritan Baking Company, employer. Judgment for claimant, and the employer petitions for certiorari. Writ denied.

Cleve Volton recovered judgment against the Puritan Baking Company in an action under the Workmen's Compensation Act, to review which judgment defendant petitions for writ of certiorari to the circuit court. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Writ denied.

Cabiniss, Johnston, Cocke & Cabiniss and Brewer Dixon, all of Birmingham, for petitioner.

A phalange is not destroyed by amputation of a fractional part of the bone; and amputation of a finger below the first phalange, resulting in the loss of the first and part of the second phalanges, is not the loss of a whole finger. 119 Me. 504, 111 Atl. 849; 290 Ill. 569, 125 N. E. 284; 194 App. Div. 853, 185 N. Y. Supp. 554; 194 App. Div. 563, 185 N. Y. Supp. 592; 185 App. Div. 73, 172 N. Y. Supp. 722; (Sup.) 167 N. Y. Supp. 337; 177 App. Div. 29, 163 N. Y. Supp. 678; 179 App. Div. 567, 166 N. Y. Supp. 858; 178 App. Div. 319, 164 N. Y. Supp. 869; 162 N. W. 80; 2 Schneider, W. C. L. § 410.

Wood & Pritchard and Eugene H. Hawkins, all of Birmingham, for appellee.

There is no difference between the loss of a phalange and the loss of the bone of a phalange. 119 Me. 504, 111 Atl. 849; 215 N. Y. 335, 109 N. E. 549; 92 Misc. Rep. 519, 156 N. Y. Supp. 252; 296 Ill. 223, 129 N. E.

830; 263 Pa. 244, 106 Atl. 202. Amputation of a finger between the first and second phalanges, resulting in the loss of the first and part of the second phalanges, entitles the employee to compensation for the whole finger. 165 App. Div. 561. 151 N. Y. Supp. 307; (Sup.) 156 N. Y. Supp. 262; 296 Ill. 223, 129 N. E. 830; 263 Pa. 244, 106 Atl. 202.

GARDNER, J. This cause was tried before the circuit judge without a jury under the Workmen's Compensation Act. We here set out the finding and judgment as follows:

"Comes the plaintiff and defendants in person and by their attorneys, and it being found by the court that plaintiff was in defendant's employ, and while acting in the line and scope of his employment his right hand was caught in one of defendant's machines which the said employé was engaged to operate, that as a result of said accident the said hand was severely mangled, lacerated, cut, and bruised, necessitating the amputation of the index finger and the second finger of the said hand, in which amputation part of the second phalange of each of said fingers was removed below the first joint, less than half of the second phalange being amputated, and the second joint of both fingers being permanently stiffened, and it being further found that plaintiff's average weekly wage was $30 per week, and the court being of the opinion that under said facts plaintiff's loss should be computed as the loss of two or more phalanges of each of said fingers, and that he is entitled to compensation as for the entire loss of each of said fingers, whereupon compensation is hereby decreed to plaintiff, and against defendants for 65 weeks at $12 per week, which compensation shall be paid plaintiff as from December 10, 1921, the date of said injury, in the manner and form as provided by the laws of the state of Alabama, and plaintiff's attorneys is [are] hereby allowed the sum of 10 per cent. as attorney's fee on the amount ascertained. This the 7th day of April, 1922."

Petitioner here insists there are errors of law apparent upon the record, as disclosed by the foregoing finding and judgment, and presents this petition for certiorari to review the same. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 South. 803; Ex parte Sloss-Sheffield Steel & I. Co., 207 Ala. 219, 92 South. 458.

The cause was submitted to the court below upon one issue only; that question being whether plaintiff was entitled to compensation for the loss of two whole fingers. The pivotal question upon the submission of this cause relates, therefore, to a proper construction of subdivision "c" of section 13 of the Workmen's Compensation Act of this state (Gen. Acts 1919, p. 206) as applied to the facts found by the trial court. So much of said subdivision as here applicable reads as follows:

"The loss of the first phalange of the thumb, or of any finger, shall be considered as equal

to the loss of one-half of such thumb, or finger, and compensation shall be paid at the prescribed rate during one-half of the time specified above for such thumb or finger. The loss of two or more phalanges shall be considered as the loss of the entire finger or thumb; provided, however, that in no case shall the amount received for more than one finger exceed the amount provided in this schedule for the loss of a hand."

We are of the opinion that the finding of the trial court, reasonably and fairly construed, suffices for the proper presentation of the question here under consideration. While it does not disclose with exactness how much of the two phalanges of the fingers was removed by the amputation, using only the general description that less than half thereof was removed, yet in reading the entire finding of the court we think a fair construction of the language leads to the conclusion that a very substantial portion of the two phalanges was removed. It is further disclosed that the second joint of both fingers became permanently stiffened. It therefore appears that the trial court found from the evidence before it that on account of the amputation of a substantial portion of the second phalanges of these fingers in connection with the further fact that the second joints thereof had become permanently stiffened, plaintiff had in practical effect lost also the second phalanges of said fingers, and therefore was entitled to compensation as for the entire loss of each finger as provided by the foregoing statute.

Counsel for petitioner in a very forcible brief have called to our attention numerous authorities from the Supreme Court of New York to the effect that a loss of a fractional part of a phalange could not be considered as a loss of the phalange under a statute worded similarly to that of this state.

We have read with much care the cases cited by petitioner's counsel, and we find that in many of them stress is laid upon the fact the loss of a small fractional part of the phalange interfered in no manner with its use, as in Baron v. National Metal Co., 182 App. Div. 284, 169 N. Y. Supp. 337, the opinion points out that "the slight chipping off of the second phalanx has not lessened the use of the phalanx," and in Ide v. Faul & Timmins, 179 App. Div. 567, 166 N. Y. Supp. 858, the evidence indicated that the injury received was of such a character as not to any extent interfere with the claimant in the labor which he was performing when injured. In Geiger v. Gotham Can Co., 177 App. Div. 29, 163 N. Y. Supp. 678, it was pointed out that there was "no proof of permanent loss or impairment of the use of the joint or of the injured phalange." In other cases, however, from the New York court no reference seems to be made to this particular feature, and the decisions appear to rest upon the fractional quantity of the phalange removed. We make reference to the cases of Stringham v. Ashton, 194 App. Div. 853, 185 N. Y. Supp. 554; Tetro v. Superior Printing Co., 185 App. Div. 73, 172 N. Y. Supp. 722; Thompson v. Sherwood Shoe Co., 178 App. Div. 319, 164 N. Y. Supp. 869; and in Forbes v. Evening Mail, 194 App. Div. 563, 185 N. Y. Supp. 592, the Supreme Court of New York, interpreting the decision of the Court of Appeals of that state in the Matter of Petrie, 215 N. Y. 335, 109 N. E. 549, held that substantially all of a phalange should be removed to justify a holding that the phalange had been lost within the meaning of the statute, and, in effect, held that a major portion thereof, or more than half, must be removed before there can be said to be a loss of the first phalange.

The foregoing authorities are from the intermediate appellate courts of New York, and not from the court of last resort, and counsel for respondent earnestly insists that they are in conflict with the decision of the Court of Appeals of New York in the case of In re Petrie, 215 N. Y. 335, 109 N. E. 549, reviewing the holding of the Supreme Court of that state in the same case (165 App. Div. 561, 151 N. Y. Supp. 307). In the latter case the Supreme Court held there had been a substantial and permanent injury to the first phalange which involved the removal of a portion of the bone, and interfered with the use of the finger in a material way, and the injury was, in law, a loss of the first phalange, and therefore a loss of one-half of the finger. The finding of the commissioner, so far as the amputation was concerned, was to the effect that one-third of the bone of the distal phalange was cut off. The Court of Appeals upon reviewing the case pointed out some additional findings of fact as to the extent of the injury, and that in some respects these findings were contradictory and unsatisfactory. Construing all the findings together, however, the court concluded that "substantially all the phalange was cut off," and therefore plaintiff was entitled to compensation as if he had lost the entire phalange. In discussing the purposes of the Workmen's Compensation Act, and in concluding that it should be liberally construed, the court said:

"The Workmen's Compensation Law was adopted in deference to a widespread belief and demand that compensation should be awarded to workmen who were injured and disabled temporarily or permanently in the course of their employment, even though sometimes the accident might occur under such circumstances as would not permit a recovery in an ordinary action at law. The underlying thought was that such a system of compensation would be in the interest of the general welfare by preventing a workman from being deprived of means of support as the result of an injury received in the course of his employment. The statute was the expression of what was regarded by the Legislature as a wise

public policy concerning injured employés. Under such circumstances, we' think that it is to be interpreted with fair liberality, to the end of securing the benefits which it was intended to accomplish."

In this connection it may be noted that the overwhelming weight of authority is to the effect that the Workmen's Compensation Acts should be given broad and liberal construction in order to effectuate their evident intent and purpose. Corpus Juris Workmen's Compensation Acts Supp. § 34; 28 R. C. L. 755.

The case of In re Petrie, supra, was followed by the Supreme Court in Fortino v. Merchants, etc., Co., 156 N. Y. Supp. 262, and was differentiated from the case then under consideration in the foregoing authorities from the intermediate appellate courts of that state. Our attention has not been directed to any case by the court of last resort of that state referring to that authority, and whether it has been properly differentiated and construed by the Supreme Court of New York in the foregoing decision is a question with which we are not here concerned, as we do not think the instant case rests upon a determination as to the exact fractional portion of the phalange necessary to be removed to constitute the loss of a phalange of the finger within the meaning of our statute.

In Pater v. Superior Steel Co., 263 Pa. 244, 106 Atl. 202, it was held by the Supreme Court of Pennsylvania that the loss of the use of an arm with or without amputation, resulting from injuries sustained by a workman, should be the equivalent of the actual loss of the arm. See, also, Payne v. Industrial Comm., 296 Ill. 223, 129 N. E. 830.

We have previously pointed out that in quite a number of the New York decisions above cited stress was laid upon the fact there had been no proof of a permanent loss or impairment of the use of joint or of the injured phalange in those cases in which compensation was denied. And in Maxwell's Case, 119 Me. 504, 111 Atl. 849, the opinion points out that the plaintiff could so bend the injured finger at the distal joint and had such use thereof that it could not be held that he had lost the phalange of that finger within the meaning of the statute of that state.

In the subdivision of the statute which we now have under consideration is found the following language:

"In all cases the permanent and total 'loss of the use of a member shall be considered as equivalent to the loss of that member, but in such cases the compensation in and by said schedule shall be in lieu of all other compensations."

While this language may not be directly applicable to the situation here presented, yet it is serviceable as pointing the way to the legislative intent.

Upon first consideration of the case of In re Petrie, supra, by the Supreme Court of New York, the presiding judge in his dissenting opinion stated that a fair interpretation of the statute would give to the complainant compensation as for the loss of the distal phalange under a finding that the injury thereto would cause the substantial loss of the use of that phalange. Such is in effect the finding of the trial court in the instant case, as we construe the language used.

If it may be said that the case of Packer v. Olds Motor Co., 195 Mich. 497, 162 N. W. 80, cited by counsel for petitioner, is contrary to this conclusion, we would be unwilling to follow in its wake, as we consider that such a holding would be out of harmony with sound reasoning, and unsupported by the authorities generally.

A substantial portion of the second phalanges of these fingers has been removed, and as a result of this accident the second joints have become so stiffened as to all practical purposes destroy the usefulness of the second phalanges. Such is our interpretation of the finding of the lower court. So construed, we are clear to the view that the award of compensation was justified as upon the loss of both phalanges, therefore entitling the plaintiff to compensation as for the loss of the entire finger under the provisions of our statutes. The Workmen's Compensation Act was intended as a simple and speedy remedy by way of compensation to the employé. It was intended for practical purposes, and for a practical administration, and to compensate the employé for the loss he has sustained by the injury received. It must follow, therefore, that if there had been an amputation of a substantial portion of a phalange resulting in the stiffening of the joint so as, for all practical purposes, to destroy the use of that phalange to the workman, then, within the meaning of the statute, he has lost the same, and compensation should be awarded accordingly.

The petition for certiorari will therefore be here denied.

Writ denied.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.