Before STATE INDUSTRIAL BOARD, Respondent.

RICHARD EHMAN, Respondent, *v.* F. A. KOCH & CO., INC., and Another, Appellants.

Third Department, June 27, 1924.

**Workmen's compensation — injury to terminal phalange of index finger not resulting in functional loss — circumference of finger was diminished — error to make award on basis of loss of one-half of finger.**

It is error for the State Industrial Board to make an award for the loss of one-half of the right index finger based on an injury to the terminal phalange, where it appears that the result of the injury was not to destroy any functional use of the finger but merely to diminish the circumference thereof by one-third.

APPEAL by the defendants, F. A. Koch & Co., Inc., and another, from a decision and award of the State Industrial Board, made on the 23d day of October, 1923.

*T. Carlyle Jones* [*William H. Foster* of counsel], for the appellants.

*Carl Sherman,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

H. T. KELLOGG, J.:

The claimant was at work for his employer when a needle pierced his right index finger. Infection set in resulting in a slight shrinkage of the bone of the terminal phalange. The length of the phalange has remained the same but its circumference has been diminished one-third. Dr. Lewy made the following statement: " From a functional point of view, there is no loss of use of any part of the finger." For the loss of an index finger an employee is entitled to compensation for forty-six weeks. (Workmen's Compensation

Law, § 15, subd. 3, g.) " Compensation for loss of the first phalange shall be one-half of the compensation for loss of the entire digit." (Id. § 15, subd. 3, n.) This provision is applicable only where " substantially all of the portion of the finger so designated has been lost." (*Matter of Petrie*, 215 N. Y. 335.) A loss of one-quarter of the first phalange is not the loss of the entire phalange. (*Thompson* v. *Sherwood Shoe Co.*, 178 App. Div. 319.) Neither is the loss of not less than one-quarter or more than one-half of the distal phalange. (*Tetro* v. *Superior Printing & Box Co.*, 185 App. Div. 73.) The loss sustained by claimant is less than those sustained in the *Thompson* and *Tetro* cases in which the awards were reversed. As the claimant has sustained no loss of use of his finger, and has not, within the authorities cited, suffered a loss of the first phalange thereof, he has failed to show any loss covered by the schedules of the Workmen's Compensation Law. The Industrial Board was, therefore, in error in making an award as for the loss of one-half of the right index finger.

The award should be reversed and the claim dismissed.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.