Before STATE INDUSTRIAL BOARD, Respondent.

THADEUS TEMPLER, Respondent, *v.* TOWN OF CANADICE and Another, Appellants.

*Workmen's compensation — award — error for State Industrial Board to reopen award and make new award without giving employer opportunity to introduce evidence.*

Appeal from an award of the State Industrial Board, made on the 2d day of October, 1923.

PER CURIAM: The last hearing was on an application to reopen a previous award. Until the award was reopened the appellants were not required to produce their evidence. At the conclusion of the hearing the Board not only opened the award but granted a new award against the objection of the appellants that they had not had an opportunity to present their evidence. Award reversed and matter remitted to the State Industrial Board, with costs against said Board to abide the event. All concur.

———

Before STATE INDUSTRIAL BOARD, Respondent. HENRY ALLSPACH, Respondent, v. NICHOLAS LUCKNER IRON WORKS, INC., and Another, Appellants.—Award reversed and matter remitted to the State Industrial Board, with costs against said Board to abide the event, on the ground that there was no legal evidence that the accident caused the condition which was found to have disabled the claimant. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. JOHN BOYARSKY, Respondent, v. LUDWIG LEAVITT & SON and Another, Appellants.— Award reversed and matter remitted to the State Industrial Board, with costs against said Board to abide the event, on the ground that there is no evidence of any impaired earning capacity during the period covered by the award from which the appeal is taken. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. VINCENT BLACKWELL, Respondent, v. JACOB NOVODOFF and Another, Appellants.—Award unanimously affirmed, with costs in favor of the State Industrial Board.

Before State Industrial Board, Respondent. LUCILDA BEISNER, Respondent, v. WINTER & WILKES, INC., and Another, Appellants.—Award unanimously affirmed, with costs in favor of the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. WILLIAM BOSLEY, Respondent, v. A. MASON & SONS, INC., and Another, Appellants.—Award reversed and matter remitted to the State Industrial Board, with costs against said Board to abide the event, on the ground that loss of a phalanx [phalange] and a half does not constitute the loss of a finger under the Workmen's Compensation Law, section 15, subdivision 3-n,* and upon the authority of *Baron* v. *National Metal S. & S. Co.* (182 App. Div. 284) *Forbes* v. *Evening Mail* (194 id. 563). All concur.

Before STATE INDUSTRIAL BOARD, Respondent. OTTILIA BELKA, Respondent, v. ROBINS DRY DOCK AND REPAIR COMPANY and Another, Appellants.— Award unanimously affirmed, with costs in favor of the State Industrial Board.