■ In the Matter of the Claim of WILLIAM FLAGG, Respondent, v GAF CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed May 9, 1975, which found that the claimant had sustained a 100% schedule loss of his right index finger. The claimant, as the result of an industrial accident, had a portion of his right index finger amputated. The record contains an operative report which states that the intention was to amputate at the point of the distal inter-phalangeal joint and indicates that the surgical procedure involved the second phalange or middle phalanx of the finger. The board's medical examiner reported on August 26, 1974 that the amputation took a "small portion of the middle phalangeal bone" and found a 100% loss of the finger. Section 15 (subd 3, par [n]) of the Workmen's

Compensation Law provides that the "loss of the first phalange shall be one-half of the compensation for loss of the entire digit" and that "loss of more than one phalange * * * shall be the same as * * * loss of the entire digit." The appellant contends that there is no evidence to support the finding that a portion of the second phalange was lost; however, the medical examiner's opinion is based upon his personal observation of the finger and upon his interpretation of the postoperative report. The finding that a portion of the second phalange was amputated is supported by substantial evidence. The appellant further contends that merely showing that a portion of the second phalange was amputated is not sufficient to sustain a 100% loss pursuant to the above-quoted statute and cites the cases of *Matter of Baron v National Metal Spinning & Stamping Co.* (182 App Div 284) and *Bosley v Mason & Sons* (211 App Div 822). In the *Baron* and *Bosley* cases the court held that merely showing that a small portion of the second phalange had been amputed would not sustain a 100% award as a matter of law. However, in the subsequent case of *Matter of Polhill v Masell Mfg. Co.* (273 App Div 835) the court held that the board could find a 100% loss where only a portion of the second phalange was amputated. In the case of *Matter of Bogenschutz v Hope's Windows* (28 AD2d 755, 756, mot for lv to app den 20 NY2d 642) a board finding of 100% loss upon medical evidence substantially the same as in this case was upheld. The decision appealed from is supported by substantial evidence and, upon the board's finding that more than just the first distal phalange was amputated, an award of 100% loss was proper as a matter of law *(Matter of Polhill v Masell Mfg. Co., supra; Matter of Bogenschutz v Hope's Windows, supra).* Decision affirmed, with costs to the Workmen's Compensation Board. Sweeney, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.