MOORE, Judge.
On September 30, 2010, Russell Thread-gill (“the employee”) filed a civil action against East, Inc. (“the employer”), in the Dallas Circuit Court (“the trial court”), seeking benefits under the Alabama Workers’ Compensation Act (“the Act”), § 25-5-1 et seq., Ala.Code 1975. In his complaint, the employee alleged, among other things, that he had injured his lumbar spine, left leg, right arm, and right shoulder due to an accident arising out of and in the course of his employment on April 20, 2010, and that he had injured his right shoulder and left ankle due to a second accident arising out of and in the course of his employment on April 26, 2010. After the employer filed an answer generally denying the. allegations set forth in the employee’s complaint, the trial court set the matter for a hearing as to the com-pensability of the various injuries. On January 25, 2012, the trial court entered an order fully favorable to the employee. The employer moved the trial court to *217 alter, amend, or vacate its order, which the trial court eventually did on July 19, 2012, finding that the employer was liable only for the lumbar injury sustained by the employee in the April 20, 2010, accident and not for any claimed injuries allegedly resulting from the April 26, 2010, accident.
The employee filed a notice of appeal from the July 19, 2012, order. Because that order did not address all the benefits to which the employee claimed he was entitled on account of his April 20, 2010,[1] lumbar injury, the order was not a final judgment that would support an appeal. See SouthernCare, Inc. v. Cowart, 48 So.3d 632 (Ala.Civ.App.2009). In Ex parte Cowabunga, Inc., 67 So.3d 136 (Ala.Civ.App.2011), a majority of this court ruled that this court may elect to treat an appeal that is erroneously filed following the entry of a nonfinal judgment in a workers’ compensation case as a petition for a writ of mandamus if a later appeal would be an inadequate remedy. In this case, unless this court considers the issues raised by the employee at this time by way of a petition for a writ of mandamus, the employee would be entitled to appeal only after a final determination of the controversy regarding the employee’s permanent disability and any other benefits due the employee for his April 20, 2010, lumbar injury, which determination will occur only at an indefinite point in the future. In the meantime, if the trial court erred, the employee would have had to forego medical treatment for the injuries caused by the April 26, 2010, accident, as well as any additional compensation due for those injuries. Because one of the foremost purposes of the Act is to assure that injured employees receive benefits at the time of their injuries and disabilities, when those benefits are needed most, see Ex parte Puritan Baking Co., 208 Ala. 373, 94 So. 347 (1922), a later appeal would not satisfactorily protect the interests of the employee in this case. Thus, we have elected to treat the employee’s appeal as a petition for a writ of mandamus.
The employee essentially argues that the trial court improperly denied his claim that was based on his April 26, 2010, accident. In that claim, the employee contended that he had fallen at work while convalescing from his April 20, 2010, back injury, thereby injuring his left ankle and right shoulder. At trial, the employee asserted that he had also injured his neck and right arm in that fall. In its July 19, 2012, order, the trial court found that the employee had rolled his ankle as he was exiting the back door of his workshop. The trial court further determined that the employment did not cause the employee to roll his ankle. Thus, the trial court decided that the employee could not recover compensation or other benefits for injuries to his left ankle, neck, right arm, and right shoulder.
Substantial evidence supports the factual findings of the trial court regarding the circumstances of the April 26, 2010, accident. See § 25-5-81 (e)(2), Ala.Code 1975 (“In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by *218 substantial evidence.”). The employee testified that, -as he was walking out the back door of his workshop, his foot slipped and he rolled his ankle, which caused him to fall onto his right elbow. Some testimony from the wife of the employee indicated that the employee had fallen before. The employee admitted that he had not stepped on any slippery substance before falling. From that evidence, as well as the photographs of the scene where the fall occurred, the trial court reasonably could have determined that the employment conditions did not legally cause the fall but that the employee fell after taking an awkward step. See Ex parte Patton, 77 So.3d 591 (Ala.2011) (holding that worker who experiences fall at work must prove legal causation and may not establish liability by showing fall would not have occurred where and when it did but for the employment).
The employee presented substantial evidence indicating that he fell due to weakness in his leg emanating from his April 20, 2010, back injury. The employee testified that he had felt numbness and tingling down his left leg into his left foot just before the accident, implying that he fell when he lost full control and movement of his left foot due to those symptoms. Cf. Erwin v. Harris, 474 So.2d 1125 (Ala.Civ.App.1985) (injuries from fall at home caused by weakness in leg from work-related injury held to be compensable as direct and natural consequence of original, compensable injury). However, the employer presented medical records disputing that the employee had experienced such symptoms before the fall. The trial court, as the finder of fact, was charged with resolving that dispute in the evidence as to the cause of the employee’s fall.[2] See Edwards v. Jesse Stutts, Inc., 655 So.2d 1012, 1014 (Ala.Civ.App.1995). This court may not reweigh the evidence. Ex parte Caldwell, 104 So.3d 901, 905 (Ala.2012). Our standard of review “does not permit this court to reverse the trial court’s judgment based on a particular factual finding on the ground that substantial evidence supports a contrary factual finding.” Landers v. Lowe’s Home Ctrs., Inc., 14 So.3d 144, 151 (Ala.Civ.App.2007) (citing Ex parte M & D Mech. Contractors, Inc., 725 So.2d 292 (Ala.1998)).
The employer raises several legal issues, all of which are predicated on the effect of a factual finding that the employee had fallen as a result of symptoms resulting from his prior back injury. We do not consider those issues because substantial evidence supports the trial court’s finding that the fall was not a direct and natural consequence of the employee’s earlier back injury. Similarly, we reject the employee’s argument that the employer was required to plead lack of employment causation as an affirmative defense. West Fraser, Inc. v. Caldwell, 104 So.3d 889, 894 n. 6. (Ala.Civ.App.2012) (“lack of causation is not an affirmative defense to a workers’ compensation claim”), rev’d on other grounds, Ex parte Caldwell, supra.
Finally, the employee maintains that the trial court erred in attributing his right-shoulder injury to the April 26, 2010, fall. A medical record placed into evidence showed that the employee had complained of right-shoulder pain on April 23, *219 2010. In that record, the employee informed the physicians that his April 20, 2010, accident had caused those symptoms. The employee later complained of increasing pain in his right shoulder following the April 26, 2010, fall. In the July 19, 2012, order, the trial court denied benefits for the right-shoulder injury because the employee had not proven that the April 26, 2010, fall had arisen out of his employment. However, the record contains no evidence indicating that the April 26, 2010, fall caused a new injury to the employee’s right shoulder. Assuming that the April 20, 2010, accident originally injured the employee’s right shoulder, a reinjury or aggravation of that injury would itself be compensable if it was brought on by the employee’s engaging in an activity that is customary in light of his condition, even if that activity did not directly arise out of the employment. Ex parte Pike Cnty. Comm’n, 740 So.2d 1080 (Ala.1999) (holding that employee who aggravated back injury by lifting baby at home was entitled to compensation for herniated disk discovered after aggravation). Thus, the trial court erred in denying benefits for the employee’s right-shoulder injury solely on the ground that the April 26, 2010, fall did not arise out of the employee’s employment.
Based on the foregoing, we deny the petition for a writ of mandamus except as it pertains to the employee’s right-shoulder injury. In that regard, we grant the petition and issue the writ, directing the trial court to vacate that portion of its July 19, 2012, order denying benefits for the employee’s right-shoulder injury on the ground that the employee did not prove that the April 26, 2010, fall arose out of his employment. We do not hold that the trial court must find that the April 20, 2010, accident caused the right-shoulder injury; we merely hold that the trial court erred in finding that the failure of the employee to prove that the April 26, 2010, fall arose out of his employment necessarily rendered the right-shoulder injury noneom-pensable.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ„ concur.

. The order indicated that the employee had not yet reached maximum medical improvement on account of his April 20, 2010, lumbar injury. Thus, the trial court could not assess permanent-disability benefits at the time it entered the July 19, 2012, order. See Ex parte Phenix Rental Ctr., 873 So.2d 226 (Ala.2003) (holding that a trial court cannot award any permanent-disability compensation until after employee has reached maximum medical improvement). The trial court tentatively set the case for an October 29, 2012, trial on the issue of what permanent-disability benefits the employee might be entitled to for the lumbar injury.

. The employee complains that the trial court originally found in its January 2012 order that the employee’s prior leg weakness had caused his fall but that it later changed its factual finding without having received new evidence. However, a trial court may reconsider its factual findings any time before entering a final judgment and may change those findings without considering new evidence. See Lawrence v. Lawrence, 117 So.3d 723 (Ala.Civ.App.2013).