---

## MOCKLER v. HAWKES et al.

(Supreme Court, Appellate Division, Third Department.      May 3, 1916.)

1. MASTER AND SERVANT ⬯385(2)—WORKMEN'S COMPENSATION ACTS—COMPENSATION.

The loss of the tip of a finger, which can be discovered on examination of an X-ray photograph only by careful examination, is not equivalent to the loss of the first phalange of the finger, within Workmen's Compensation Act (Consol. Laws, c. 67) § 15, subd. 3, providing that the loss of the first phalange is equal to the loss of one-half of the finger.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ⬯385(2).]

2. MASTER AND SERVANT ⬯385(2)—WORKMEN'S COMPENSATION ACTS—COMPENSATION.

Workmen's Compensation Act, § 15, subds. 3, 4, providing that, in cases of permanent or temporary partial disability not otherwise specifically provided for, the compensation shall be 66⅔ per centum of the difference between the average weekly wages of the injured employé and his wage-earning capacity before the accident, is applicable to a case of the loss of the tip of a finger, where the wage received after the accident is less than that formerly received.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ⬯385(2).]

Appeal from Workmen's Compensation Commission.

Proceeding under the Workmen's Compensation Act by Bessie A. Mockler to obtain compensation for personal injuries, opposed by W. W. Hawkes, employer, and the Zurich General Accident & Liability Insurance Company, Limited, insurance carrier. Compensation was awarded by the State Industrial Commission for 15 weeks and the employer and insurer appeal. Reversed and remanded.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Alfred W. Andrews, of New York City (John N. Carlisle and Charles B. Sullivan, both of Albany, of counsel), for appellants.

Egburt E. Woodbury, Atty. Gen. (Harold J. Hinman, Deputy Atty. Gen., of counsel), for respondent.

Robert W. Bonynge, of New York City, for Workmen's Compensation Commission.

HOWARD, J. The claimant was a girl 17 years of age. While employed as an operator of a staying machine in the factory of the appellant her "finger slipped and was caught under head of stayer"; the result being that the end of the second finger of her right hand was "squeezed off." This happened October 26, 1914. On November 9th following, just 14 days afterward, she returned to work. Before the accident she received $1.25 a day; after the accident she was paid $5 a week, and this wage was to continue until she recovered sufficiently to do her "regular work." She did not go to a hospital, but was treated at home. In the conclusions of fact the Commission has found that "her fingers slipped and were caught between the anvil and the head of the staying machine, requiring the amputation of the tip of the bone of the second finger of the right hand." But the Commission, by the expression "requiring the amputation of the tip of the bone," must have referred to the amputation by the machine, rather than any amputation executed by a surgeon's knife, for there is no evidence in the record of any surgical amputation. In fact, the opposite is in the record, for the attending physician, in reply to the question, "Describe the treatment," answered "None." In describing the nature and extent of the injury the physician says: "Loss of tip of second finger of right hand." That this description does not minimize the injury is fully confirmed by the X-ray photograph, for it is only by careful examination of the picture that any injury at all can be discovered; and, even after the injury is located, it is perfectly apparent that only the merest shaving of bone is gone.

[1] The Commission has determined that the case came within subdivision 3 of section 15 of the Compensation Law, which provides that the loss of the first phalange of the finger is considered to be equal to the loss of one-half of the finger, and has awarded compensation for 15 weeks; that is, the Commission had held that the loss of this slight particle of bone is equivalent to the loss of the first phalange, and therefore to the loss of one-half of the finger. The Matter of Petrie, 165 App. Div. 561, 151 N. Y. Supp. 307, affirmed in 215 N. Y. 335, 109 N. E. 549, is relied upon to sustain this determination. We do not think that the opinion of this court in the Petrie Case, nor that of the Court of Appeals, warrants the position assumed or the award made by the Commission in this case. In the Petrie Case the Commission found as a fact that the claimant's injury resulted in "the amputation of the third finger on the right hand near the first joint"; also that "in the amputation of the third finger about one-third of the bone of the distal phalange was cut off." In this case the finding is that there was an "amputation of the tip of the bone." The findings of the Commission in the Petrie Case, together with the evidence, convinced

the Court of Appeals, and convinced this court, that "substantially all of the phalange was cut off." Assuming, then, as both courts did, that substantially all of the first bone of the finger was destroyed, it was held that the injury amounted to the same as a complete loss of the bone. But both courts held that a loss of some portion of the end of the finger might be so insignificant as not to amount to the loss of the entire phalange. On this subject the Court of Appeals said:

"It very likely may be that the loss might be of such a minor portion of the phalange that an award could not be sustained under the clauses which have been quoted as for a loss of the entire phalange."

And to the same effect this court said:

"Of course, a mere pinching of the finger, which does not result in a permanent injury, is not to be construed as the loss of half a finger."

The Court of Appeals, as well as this court, in disposing of the questions arising under the Workmen's Compensation Law, has announced a policy of liberal interpretation. But a liberal interpretation should not go to the extent of becoming an absurd interpretation. It could not have been the purpose of the Legislature to enact that a loss of a fraction of the first phalange, so slight as to be scarcely perceptible to the naked eye, should be equivalent to the loss of half the finger.

[2] The last clause of subdivision 3 of section 15, and subdivision 4 of that section, provide that in all cases, either of permanent partial disability or of temporary partial disability, not otherwise specifically provided for in section 15, the compensation shall be 66⅔ per centum of the difference between the average weekly wages of the injured employé and his wage-earning capacity after the accident; this compensation to continue during the disability, subject to certain conditions and limitations. It is under either one or the other of these provisions, according as the Commission may determine the facts, that we think the claim should be disposed of.

Therefore we conclude that the award should be set aside and the claim remitted to the Commission for further consideration. All concur.