Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MATILDA GEIGER, Respondent, for Compensation under the Workmen's Compensation Law, v. THE GOTHAM CAN COMPANY, Employer, and THE ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LIMITED, Insurance Carrier, Appellants.

Third Department, March 7, 1917.

Workmen's Compensation Law — award for loss of one-eighth of an inch of bone from end of finger.

An employee who through accident has lost one-eighth of an inch of the bone from the end of a middle finger is not entitled to an award for the loss of one-half of said finger, there being no proof of permanent loss or impairment of the use of the joint or of the injured phalange.

APPEAL by the defendants, The Gotham Can Company and another, from an award of the State Industrial Commission, filed in the New York city office of said Commission on the 8th day of June, 1916.

*Alfred W. Andrews* [*John N. Carlisle* of counsel], for the appellants.

*Egburt E. Woodbury, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel to the State Industrial Commission, for the respondents.

LYON, J.:

In May, 1916, the claimant was employed as an operator upon a press used for shaping covers in a tin can manufacturing establishment in the borough of Brooklyn, city of New York. By the accidental repeating of the press the second finger of her right hand was caught, and as the State Industrial Commission has found, "She received a traumatic amputation of one-eighth of an inch of the bone, same being a substantial portion of the bone." An award was made for the loss of one-half of the middle finger of the right hand.

The sole ground of appeal by the employer and the insurance carrier is that the amputation of so minor a portion of the first phalange did not of itself constitute loss of the phalange, and hence loss of one-half the finger, within the intent of the

Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41, as amd.).

It was held in *Matter of Grammici* v. *Zinn* (219 N. Y. 322, 325) that a hand was not lost provided it could fulfill in a degree fair and worth considering, in any employment for which the claimant was physically and mentally fitted or adaptive, its normal and natural functions.

In *Matter of Petrie* (215 N. Y. 335, affg. 165 App. Div. 561) the State Workmen's Compensation Commission found that the injury resulted in the amputation of the finger near the first joint, and also that in such amputation about one-third of the bone of the distal phalange was cut off, and the Commission made an award for the loss of the entire phalange. The Court of Appeals held that the conclusions of the Commission construed together and in the light of the evidence might be regarded as stating that substantially all of the phalange was cut off, and that on that theory the award might be sustained. In its opinion the court said: "Applying these rules to what happens to be in this case an accident of minor importance, we think we should hold that the provisions of the statute providing compensation for the loss of a certain portion of the finger become operative and applicable when it appears that substantially all of the portion of the finger so designated has been lost, and that we should not interpret such provisions too narrowly for the purpose of defeating a recovery."

In the case of *Mockler* v. *Hawkes* (173 App. Div. 333) the injury was very similar to that in the case at bar, and resulted in " the amputation of the tip of the bone of the second finger of the right hand." The Workmen's Compensation Commission held that the loss of this small portion of the bone of the finger was equivalent to the loss of the first phalange, and, therefore, to the loss of one-half of the finger, and made an award accordingly. This court unanimously set aside the award, and rightly too I think.

Upon the argument of the case at bar, appellants' counsel presented to the court an X-ray photograph of the claimant's injured hand in the *Mockler* case for comparison with the X-ray photograph contained in the record herein showing the injury to the claimant's hand. While the photographs disclose a clearly perceptible difference in the extent of the two

injuries, each resulted in depriving the claimant of the fleshy part of the finger beyond the end of the bone, and the extent of the bone taken off was somewhat greater in the case at bar but necessarily less than one-eighth of an inch.

There is no proof of permanent loss or impairment of the use of the joint or of the injured phalange. The attending physician's report states in answer to the question, " For what period from the date of accident is disability likely to exist ? Four or five weeks." The treatment given was cleansing the wound, making the same aseptic, the applying aseptic dressings.

We do not think it was the intent of the Workmen's Compensation Law that an injury resulting no more seriously than simply in the severance of so small a piece of the tip of the finger should entitle a claimant to an award for the loss of the whole phalange. Unquestionably, the claimant is entitled to an award of compensation for the injury which she has sustained, even though not to the extent of the award heretofore made.

The award must be set aside and the case remitted to the Commission for further action.

All concurred.

Award set aside and matter remitted to the Commission for further action.