Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of WILLIAM FORBES, Respondent, for Compensation under the Workmen's Compensation Law, *v.* THE EVENING MAIL, Employer, and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, January 5, 1921.

Workmen's Compensation Law — award based on loss of first phalange of finger cannot be sustained where one-half or more of first phalange has not been removed.

An award based on the loss of the first phalange of the middle and the ring fingers must be reversed where less than one-fourth of each of the injured phalanges has been amputated, for the major portion, or more than half, of the phalange must be removed before the same is substantially " lost," and a " loss of the first phalange " is made out within the meaning of the statute.

APPEAL by the defendants, The Evening Mail and another, from an award, order and decision of the State Industrial Commission made on the 12th day of April, 1920.

*Clarence B. Tippett,* for the appellants.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, J.:

It is provided in subdivision 3 of section 15 of the Workmen's Compensation Law: " The loss of the first phalange of the thumb or finger shall be considered to be equal to the loss of one-half of such thumb or finger." A phalanx or phalange is defined by Webster to be " In vertebrates, one of the digital bones of the hand or foot beyond the metacarpus or metatarsus." It is defined by the Century Dictionary as follows: " One of the bones of the fingers or toes; a digital internode, succeeding the metacarpal or metatarsal bones, collectively constituting the skeleton of the third and distal segment of the hand or foot." In accurate speech, therefore, the loss of a phalange of a finger is the loss of a finger bone, and the loss

of the flesh of a finger forms no part thereof. It was held in *Mockler* v. *Hawkes* (173 App. Div. 333) that " the amputation of the tip of the bone of the second finger " did not constitute a loss of the first phalange. It was held .in *Geiger* v. *Gotham Can Co.* (177 App. Div. 29) that " a traumatic amputation of one-eighth of an inch of the bone " of the finger did not constitute a loss of the first phalange. It is true that in *Matter of Petrie* (215 N. Y. 335) an award made for the loss of one-half a finger was sustained on the theory of a loss of the first phalange where only one-third of the bone was found to be amputated. That case must be interpreted, however, in the light of a further finding of the Commission that the injury consisted of " third finger cut off near the first joint or near root of nail." The *Petrie* case furnishes us with the controlling rule " That the provisions of the statute providing compensation for the loss of a certain portion of the finger become operative and applicable when it appears that *substantially all* of the portion of the finger so designated has been lost." In our case the loss is stated in the employer's first report of injury to be a loss of " pulp of middle and ring fingers." It is stated in the employee's claim for compensation to be " bone exposed on middle and ring fingers right hand." It is stated in the attending physician's report to be " amputation of pulp right middle and ring fingers with part of distal phalanx in each finger *chipped off.*" The finger loss is not otherwise stated in the testimony, and is not further proven except by the X-ray photographs which appear in the record. A comparison of the finger phalanges which are sound with those which have been chipped, as shown by these pictures, indicates that less than one-fourth of each of the injured phalanges has been amputated. It is evident that " substantially all " of a phalange cannot be removed, and " substantially all " of the same phalange be left after the removal. Necessarily, therefore, under the *Petrie* case the major portion or more than half of a phalange must be removed before the same is " substantially " " lost," and a " loss of the first phalange " within the meaning of the statute is made out. Assuming, as nice wording would compel us to assume, that a phalange is a finger bone, no such loss has been proven in this case. Assuming, as it seems to have been assumed in *Thompson* v.

*Sherwood Shoe Co.* (178 App. Div. 319) and *Tetro* v. *Superior Printing & Box Co.* (185 id. 73) that the first phalange of a finger is all that part of a finger, whether flesh or bone, which extends beyond the first joint, then equally has the claimant failed here to show a " loss of the first phalange." This is true because it nowhere appears from the reports, the testimony or the pictures that one-half or more of flesh and bone constituting the first phalange has been removed. The award was, therefore, erroneous.

The award should be reversed and the claim remitted to the Commission.

All concur.

Award reversed and matter remitted to the Commission.