## Vossbruch v. Reiner Electronics Co., Inc.

*George Weitzman,* for claimant.

*Gross & Herster* and *A. Albert Gross,* for defendants.

WOODRING, J., May 25, 1959.—This is a workmen's compensation case in which the referee and the board have found that plaintiff has suffered the loss of "a substantial part of the first phalange of the index finger" and made an award under section 306(c) of The Pennsylvania Workmen's Compensation Act of June 21, 1939, P. L. 520, 77 PS §513, for the loss of one-half of the finger. Defendant has appealed to the court.

The testimony is not in dispute. Plaintiff suffered a compensable injury November 9, 1956. The parties entered into an agreement, under which plaintiff was paid $85.71 for the period of two and two-sevenths weeks from November 17 to December 2, 1956. December 3, 1956, plaintiff returned to work for defendant at the same wages for the same work. April 30, 1957, defendant petitioned to terminate the compensation agreement. Plaintiff filed a responsive answer, denied that the disability had ceased, that he had suffered no loss of earning power and averred that plaintiff had suffered the loss of a substantial part of the first phalange of the index finger, left.

Hearings were held before the referee on October 28, 1957, and June 5, 1958. Medical testimony was received from Dr. William Johnson, a radiologist, and Dr. John Updegrove, plaintiff's surgeon. The medical testimony establishes that Dr. Updegrove amputated a portion of the distal phalanx of the left index finger. He testified that he removed the nonviable, nonliving bits of soft tissue and the protruding bone. He also performed a skin graft from plaintiff's forearm to the injured member. He testified to a permanent loss of function and a dimunition of sensitivity. The free extremity of the nail no longer has the support of the soft tissue beneath it. Instead of growing in a straight line, the nail tends to hook toward the palmar aspect of the finger. This condition, too, is permanent.

Dr. Johnson's testimony, with which Dr. Updegrove agreed, was that the distal phalanx was 23 mm. long, that the bone was 18 mm. long, of which 5 mm., including the tuft, was amputated. The amputated portion was 28 percent of the entire bone.

The only question before us is whether these facts constitute a compensable loss within the meaning of that part of section 306 (c) of The Pennsylvania Workmen's Compensation Act, as amended, 77 PS §513, which reads:

"The loss of any substantial part of the first phalange of a finger . . . shall be considered loss of one-half of the finger."

Defendant contends that "any substantial part" has been defined by the opinion in Nolan v. Hake, 178 Pa. Superior Ct. 593, 599, 115 A. 2d 780, in the following portion of the opinion by the late Judge Ross:

"We think a loss of substantially all, or more than half, of the phalange is equivalent to the loss of the whole."

Defendant argues that by this definition "any substantial part" must be limited to "more than half". In our judgment defendant has failed to recognize the different legislative intent expressed in the amendments of June 21, 1939, P. L. 520, and February 28, 1956, P. L. 1120.

The original Workmen's Compensation Act[1] made no provision for the loss of fingers. The first amendment which provided for the loss of digital members was in 1923.[2] That amendment provided that the loss of the first phalange shall be considered equivalent to the loss of the entire finger. That provision was changed by the 1937 amendment[3] which provided:

---

[1] Act of June 2, 1915, P. L. 736.

[2] Act of March 29, 1923, P. L. 48.

[3] Act of June 4, 1937, P. L. 1552.

"The loss of *less* [4] than the first phalange . . . shall be considered equivalent to the loss of one-half of such . . . finger. . . . Provided, however, that the accident involves injury to part of the bone of the phalange."

The next session of the legislature reëmployed [5] the language of the 1923 act:

"The loss of the first phalange . . . shall be considered equivalent to loss of one-half of such . . . finger. . . ."

One more amendment, however, has been made to this section of the act.[6] The new provision reads:

"The loss of any substantial part of the first phalange . . . shall be considered loss of one-half of the finger."

Our problem, therefore, is to determine the meaning of the words "any substantial part". Defendant contends that those words mean "substantially all of the first phalange, or more than one-half". The latter construction has been applied in many cases.[7] All of these cases were under the provisions of the 1939 compensation act, or provisions similar thereto; namely, that the loss of the first phalange shall be considered equivalent to the loss of one-half of the finger.

A literal construction of such provision would require the loss of the entire distal phalanx. The courts promptly recognized that such a literal construction would be inconsistent and at cross-purposes with the

---

[4] Italics supplied, throughout.

[5] Act of June 21, 1939, P. L. 520.

[6] Act of February 28, 1956, P. L. 1120.

[7] Nolan v. Hake, supra; Vince v. Allegheny Pittsburgh Coal Company, 153 Pa. Superior Ct. 333, 33 A. 2d 788; In re Petrie, 215 N. Y. 335, 109 N. E. 549; Tetro v. Superior Printing & Box Co., 185 App. Div. 73, 172 N. Y. S. 722; Forbes v. Evening Mail, 194 App. Div. 563, 185 N. Y. S. 592; DeCicco v. Morrel & Co., 152 Kans. 601, 106 P. 2d 1053; Thomas v. Glen Alden Coal Co., 39 Luz. 55.

remedial nature of the act. The court in In re Petrie, supra, said:

". . . the provisions of the statute providing compensation for the loss of a certain portion of the finger becomes operative and applicable when it appears that *substantially all* of the portion of the finger so designated has been lost." (Syllabus.)

That ruling was adopted by the Pennsylvania Superior Court in Nolan v. Hake, supra. In that case plaintiff lost 70 percent and 90 percent, respectively, of the phalange of two fingers. The referee and the board found for defendant. The court of common pleas, affirmed by the Superior Court, held for plaintiff and said:

"We think a loss of substantially all, or more than half, of the phalange is equivalent to the loss of the whole."

In determining the meaning of the 1956 amendment, it is to be noted that the language in the Petrie and Nolan v. Hake cases is similar to the language of the 1956 amendment. The judicial language is "substantially all of a phalange". That language has been held to mean "more than half". The legislative language, however, is "the loss of any substantial part of the first phalange". Obviously, that is different from "substantially all of a phalange".

Webster's New International Dictionary, Second Edition, defines "substantial", in part: "3. That which is of moment; important; essential; material." The antonyms for "substantial" are listed: "Immaterial . . . slight."

Is the loss of 28 percent of the bony structure of the first phalange of the index finger the loss of an "important" or "material" part of the phalange? We have no hesitancy in stating our opinion that a 28 percent loss is an important or material loss of the distal phalanx. Nor do we hesitate to find that the legislature

by the 1956 amendment intended to alter the law as it prevailed under the 1939 amendment.[8] The 1939 act made the loss of the first phalange compensable. The 1956 act makes the loss of any substantial part of the first phalange compensable. The change of the specific language of the act is a clear expression of legislative intent. It eliminates the mechanical determination of "substantially all or more than one-half". Under the 1956 amendment whether or not a particular injury constitutes the loss of any substantial part of the first phalange becomes a question for the tryer of the fact.

Illustrative of the foregoing conclusion is a Michigan case [9] which reads, in part, as follows:

"Mr. Justice Fellows, writing for the court, quoted with approval from Payne v. Industrial Commission, 296 Ill. 223 (129 N. E. 830), the following:

" 'The loss of any *substantial portion* of a leg constitutes the loss of the leg within the meaning of the compensation act, and the necessary amputation of the leg ten inches above the ankle joint will entitle the employee to compensation for loss of the leg.'

" '. . . To hold that one had lost only a foot unless the leg was amputated at the extreme upper part would not comport with the common acceptance of the language used by the legislature or the beneficent purpose of the act.' "

The Payne case decided that the foot and 10 inches of leg constituted a "substantial portion" of the leg. The foot and 10 inches, measured laterally, constitutes but a small part of the entire leg. But the amputated part was held to be substantial because it was material and important. In the same manner we have determined that 28 percent of the bone of the distal phalanx is an important part of the phalanx and, under the language of the 1956 act, is compensable.

---

[8] Vince v. Allegheny Pittsburgh Coal Company, supra.

[9] Palazzolo v. Bradley, 355 Mich. 284, 287, 94 N. W. 2d 203 (1959).

### *Order*

And now, May 25, 1959, it is hereby adjudged, ordered and decreed that the appeal of Reiner Electronics Co., Inc., & Radio City Products Co., defendant, and Pennsylvania Manufacturers' Association Casualty Insurance Company, insurance carrier, from the decision of the Workmen's Compensation Board is dismissed, and the award of the referee, as sustained in the opinion of the Workmen's Compensation Board, is affirmed.

The prothonotary is hereby directed to enter judgment for plaintiff and against defendant in the sum of $656.25, with interest at six percent per annum on the accrued payments, in accordance with section 410 of the act.