O’CONNELL, Justice.
The sole question before us on this review of a compensation order of the Florida Industrial Commission is the proper construction of F.S. Sec. 440.15(3) (n) F.S.A., which reads as follows:
“(n) Phalanges: Compensation for loss of more than one phalange of a digit shall be the same as for loss of the entire digit. Compensation for loss of the first phalange shall be one-half of the compensation for the loss of the entire digit.”
This is a case of first impression.
As a result of a compensable accident, petitioner lost one-half of the distal phalange of his forefinger and fifteen degrees of motion in the distal inter-phalangial joint. The attending physician and also a consulting physician rated petitioner’s functional impairment at twenty per cent of the finger. The employer accepted this rating and voluntarily paid all temporary disability benefits, medical benefits, and permanent disability benefits for twenty per cent of loss of the finger.
The deputy rejected the literal interpretation urged by the employer, which would require the complete physical loss of the entire distal phalange before an award of compensation for fifty per cent of the finger would be justified. Rather, he construed it to mean
“that an employee is entitled to recover for a 50% permanent partial disability of the entire finger if said employee proves by substantial and competent evidence that accords with logic and reason that he has lost substantially all of the first phalange or has sustained a substantial loss of use of the first phalange.”
However, the deputy concluded that even by this liberal standard, the claimant was not entitled to more than the compensation that had been voluntarily paid for twenty per cent of the finger. In other words, he had lost only half, not “substantially all,” of the phalange, and he had failed to prove that there had been a substantial loss of use of the phalange.
On review, the full commission disagreed with the deputy’s construction of the statute, but nevertheless affirmed the deputy’s order on the theory that the error did not affect the outcome. Although it acknowledged that the decisions in other jurisdictions tended to support the deputy’s construction, which would award fifty per cent upon loss of substantially all of the distal phalange, the commission felt that this construction would constitute an infringement on the prerogative of the legislature. It therefore ruled instead that loss of the first phalange “means either the actual physical loss or, if not physically separated from the phalange, then the total loss of use of said phalange * * *.”
Logically, the first question presented is whether the second sentence of subpara-graph (n) can be activated only by the physical loss of the phalange or whether, as concluded by both the deputy and the full commission, some specified loss of use is sufficient. As always, the judicial construction of a statute should follow the legislative purpose when that purpose is evident We conclude that the legislative purpose in the enactment of subparagraph (n) is reasonably evident and that it requires a different conclusion as to this question than was reached by either the deputy or the full commission.
We think the legislative purpose in enacting subparagraph (n) was to pro *491 vide an easily administered guide or measure for the award of compensation for the partial physical loss, as opposed to loss of use, of a finger or toe. This conclusion finds support in the wording of the only provisions of the statute that authorize compensation for loss of use—subpara-graphs 440.15(3) (r) and (s). Both apply to "members.” In the anatomical sense, fingers and toes are members; a phalange is only a part of a member. We must conclude that there is no statutory basis for compensation for loss of use of a phalange. When compensation is sought for loss of use of a phalange it must be measured in terms of loss of use of the finger or toe, not a phalange.
The next question is whether total physical loss of the distal phalange is required to warrant the benefits of the second sentence of subparagraph (n), i. e., 50% of the compensation for loss of the entire digit, and, if not, what proportionate loss is required. Read literally, the second sentence seems to require total physical loss of the phalange. However, this construction was rejected by both the deputy and the full commission. We agree.
The claimant points out an obvious incongruity that appears if the second sentence of subparagraph (n) is given a literal interpretation, i. e., requiring total loss of the distal phalange, and it is then read in conjunction with the first sentence. The first sentence provides that loss of more than one phalange shall be the same as loss of the entire digit. We construe this sentence to mean that loss of the first and any part of the second phalange merits compensation for loss of the entire digit. The claimant argues that it is illogical to award compensation as for loss of the entire digit upon loss of the first phalange and even the tiniest part of the second one, and then require loss of the entire first phalange to justify an award of 50% of the digit.
Extending this argument, claimant urges that if loss of any part of the bone of the . second phalange is sufficient to merit compensation as for loss of the entire digit, then loss of any part of the bone of the first phalange ought logically to be construed to justify an award of compensation as for fifty percent of the digit. While this argument has some support in logic, we agree with the commission that such a construction is incompatible with the plain language of the second sentence of the subject sub-paragraph.
Although we agree with the commission that loss of any part of the distal phalange does not warrant compensation for one-half of the digit we do not agree that the statute requires total loss thereof to earn such compensation. We conclude that the least distortion of the statuory language and the most practical, workable result would be achieved by utilizing that construction which holds that loss of “substantially all” of the distal phalange is sufficient to invoke the fifty percent rule. Further, adoption of the formula laid down by the New York courts, construing the identical provision of that state’s statute, makes the administration of the section under review even more certain and even handed.
In the 1915 case of In re Petrie, 165 App.Div. 561, 151 N.Y.S. 307, aff'd 215 N.Y. 335, 109 N.E. 549, the New York court ruled that loss of substantially all of the distal phalange was sufficient to justify application of the fifty percent rule. Then, in the 1921 case of Forbes v. Evening Mail, 194 App.Div. 563, 185 N.Y.S. 592, "substantially all” was further defined as meaning more than half.
It must be remembered that we are here dealing only with the distal phalange of a digit measuring about one inch or less. The extent of physical loss thereof is subject to exact measurement. The legislature’s dealing with loss of phalanges specifically indicates an obvious intent to facilitate the administration of the statute in such instances by lessening the proof and discretion involved. We are convinced that *492 the New York rule, which we adopt, aids accomplishment of this desired end.
We hold, therefore, that the second sentence of subparagraph (n) authorizes payment of compensation as for one-half of the entire digit when half or more of the distal phalange is lost in a compensable accident.
For these reasons the order of the commission and the deputy are quashed and the cause is remanded for entry of an order awarding compensation for one-half of the finger.
It is so ordered.
THOMAS, Acting C. J., and ROBERTS, DREW and ERVIN, JJ., concur.