## Bush *v.* Keystone Carbon Company, Appellant.

Argued September 15, 1967. Before WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (ERVIN, P. J., absent).

*Robert J. Healy,* for appellant.

*Joseph Hakun,* with him *Sheer & Mazzocone,* for appellee.

OPINION BY WATKINS, J., December 22, 1967:

This is a workmen's compensation appeal by the employer, Keystone Carbon Company, from a decision of the Court of Common Pleas of Elk County reversing the Workmen's Compensation Board in awarding benefits to the claimant, Thomas C. Bush, for the loss of one-half of a finger. The claimant suffered a traumatic amputation of a part of his left index finger on January 14, 1964 while operating a terminal press in the course of his employment. The referee awarded benefits but the Workmen's Compensation Board vacated the referee's findings of fact and conclusion of law and entered its own findings of fact as follows:

"First: The claimant suffered an injury to his left index finger on January 14, 1964.

"Second: The portion of the claimant's left index finger which was amputated measured between 1/16 inch and 3/16 inch." The board entered the following conclusion of law: "Claimant did not suffer a substantial loss of the first phalange of his left index finger. He is not entitled to benefits under Section 306(c) of the Workmen's Compensation Act." The Court of Common Pleas of Elk County reversed the Board and awarded benefits and this appeal followed.

The narrow question before us in this appeal is the interpretation of the 1956 amendment to the Work-

men's Compensation Law, §306(c) of the Workmen's Compensation Act, 77 PS §513(15). The loss in question is a specific one and the Act now reads as follows: "The loss of any substantial part of the first phalange of a finger, or an amputation immediately below the first phalange for the purpose of providing an optimum surgical result, shall be considered loss of one-half of the finger. . . ."

Prior to this amendment this Court in *Nolan v. Hake*, 178 Pa. Superior Ct. 593, 115 A. 2d 780 (1955), held that: "We think a loss of substantially all, or more than half, of the phalange is equivalent to the loss of the whole." However, there is a great difference between the judicial language prior to the amendment, "substantially all of a phalange" which has been held to mean "more than half" and the legislative language of the amendment "the loss of any substantial part of the first phalange."

Webster's New International Dictionary, Second Edition, defines "substantial" in part: "3. That is of moment; important; essential; material." The antonyms for "substantial" are listed: "Immaterial . . . slight". "Substantial" is an adjective meaning something worth while as distinguished from something without value or merely nominal. Words and Phrases, Vol. 40. In *Vossbruch v. Reiner Electronics Co., Inc.*, 19 Pa. D. & C. 2d 621, it was held that the loss of 28 percent of the bony structure of the first phalange of the index finger will be considered as a loss of a substantial part of the first phalange within the meaning of §306(c) of the Act as amended.

The fact finders determined that 3/16 of an inch of the bony structure of the phalange had been lost. We like what Judge Woodring said in the *Vossbruch* case, supra, at page 625, as follows: ". . . We have no hesitancy in stating our opinion that a 28 percent loss is an important or material loss of the distal phalanx.

Nor do we hesitate to find that the legislature by the 1956 amendment intended to alter the law as it prevailed under the 1939 amendment. The 1939 act made the loss of the first phalange compensable. The 1956 act makes the loss of any substantial part of the first phalange compensable. The change of the specific language of the act is a clear expression of legislative intent. It eliminates the mechanical determination of 'substantially all or more than one-half'. . . .".

We, however, do not agree that the determination of whether the loss is substantial is a question of fact. The board did not so find. It is the function of the board to determine as a fact the specific loss but whether that loss is "substantial" under the law is a conclusion of law. We, too, would hesitate, in view of the humanitarian nature of the Act and our duty to interpret it literally in favor of the claimant to find that a little less than 25 percent of the loss of the bony structure of the phalange is not substantial in view of the history of this amendment.

Decision affirmed.