Lockhart Iron and Steel Co., Appellant *v.* Workmen's Compensation Appeal Board and William J. White, Jr., Appellees.

Argued November 8, 1974, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*George I. Minch*, with him *Wright & Rundle*, for appellant.

*Alan N. Bloch*, with him *Flaherty and Bloch*, and *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE MENCER, January 9, 1975:

This is an appeal by the Lockhart Iron and Steel Company (appellant) from a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's award of compensation benefits to William J. White, Jr. (White).

White, aged seventeen years, was employed as a laborer by the appellant. On August 4, 1972, while in the course of his employment, White was involved in an accident in which the tip of the second finger of his right hand was amputated. He applied for compensation benefits, and these were awarded by a referee after a hearing. The Board then affirmed the referee's award and this appeal followed.

Our scope of review in workmen's compensation cases in which the claimant has prevailed below is limited to a determination of whether constitutional rights were violated, an error of law was committed, or any necessary finding of fact was not supported by substantial evidence. *Regent Bottling Company v. Workmen's Compensation Appeal Board*, 10 Pa. Commonwealth Ct. 8, 309 A. 2d 265 (1973). Appellant shows his awareness of our narrow scope of review by arguing as his sole basis for appeal that the referee and Board erred as a matter of law in granting compensation to White.

The applicable provision of the law involved in this case is Section 306(c) (15) of The Pennsylvania Work-

men's Compensation Act.[1] This provision reads as follows:

> "For all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows:
>
>      .   .   .   .
>
> "(15) *The loss of any substantial part of the first phalange of a finger,* or an amputation immediately below the first phalange for the purpose of providing an optimum surgical result, *shall be considered loss of one-half of the finger.* Any greater loss shall be considered the loss of the entire finger." (Emphasis added.)

The referee awarded compensation for loss of one-half of a finger under this section as a result of his finding that "[c]laimant's injuries have resulted in a permanent loss of one-fourth (¼) inch shortening of the distal phalanx of said second finger, this being the loss of a substantial part of the first phalanx of a finger."

The record reveals that this finding is based on a report made by Dr. Kenneth M. Logan, M. D., *appellant's* medical witness and the doctor who first treated White at the plant hospital. We find that it adequately supports the legal conclusion that White lost a "substantial" part of the first phalanx of his finger and therefore qualifies for compensation for loss of one-half a finger under Section 306 (c) (15).[2]

Appellant claims that the referee's finding of a one-fourth inch loss refers to the loss of flesh and not to the loss of the bone of the distal phalanx. This finding, he

---

1. Act of June 2, 1915, P. L. 736, *as amended,* 77 P.S. §513 (15) (Supp. 1974-1975).

2. Dr. Logan testified that the bony portion of the distal phalanx is about three-quarters of an inch in length. Hence, a one-fourth inch loss would be one-third of the total length, which is unquestionably a "substantial" part. *See Bush v. Keystone Carbon Company,* 211 Pa. Superior Ct. 422, 236 A. 2d 231 (1967).

argues, is therefore not sufficient to support an award under Section 306(c)(15) according to the Pennsylvania Superior Court's holding in *Nolan v. Hake,* 178 Pa. Superior Ct. 593, 115 A. 2d 780 (1955). In *Nolan,* the Superior Court held that the word "phalange"[3] in Section 306(c)(15) referred only to the bone structure (and not the flesh) of a finger or toe.

The defect in appellant's argument is that the referee's finding of a loss of one-fourth inch of the distal phalanx was taken word for word from the same finding in Dr. Logan's report. Appellant cannot reasonably argue that Dr. Logan did not use the word "phalanx" according to its correct medical definition. Hence, the referee's finding, as based on Dr. Logan's finding must be construed to mean a one-fourth inch loss of the bone.

It is true that at the referee's hearing Dr. Logan stated that White lost an "extremely minimal" portion of his distal phalanx. However, the conflict between this statement and his earlier report, and the doctor's admission that on White's hospital record he had indicated an amputation of *one-half* the distal phalanx, forces the conclusion that the referee acted within his authority as factfinder in deciding to give more weight to Dr. Logan's reports than to his subsequent testimony at the hearing.

For the above reasons, we issue the following:

### ORDER

AND NOW, this 9th day of January, 1975, the award of the Workmen's Compensation Appeal Board relative to the claim of William J. White, Jr., is hereby affirmed. Accordingly, it is ordered that judgment be entered in favor of William J. White, Jr., and against Lockhart Iron and Steel Co. and/or its insurance carrier in the amount of $76.67 per week, beginning August 25, 1972 and continuing for a period of twenty-six weeks, and for the sum

---

3. The words "phalange" and "phalanx" are synonymous.

of $836 on account of claimant's medical and hospital bills, together with interest at the rate of 10 percent per annum on deferred installments from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.