## 55564. PYE v. INSURANCE COMPANY OF NORTH AMERICA et al.

BANKE, Judge.

This is a workmen's compensation case, involving the construction of Code Ann. § 114-406 (f) (as amended through Ga. L. 1974, pp. 1143, 1145), which provides as follows: "Loss of the first phalange of the thumb or any finger shall be considered to be equal to the loss of one-half of the thumb or finger, and the compensation shall be for one-half of the periods of time above specified." We are called upon to decide how great a portion of the first phalange must be lost to constitute loss of the first phalange within the meaning of the statute.

The appellant lost slightly less than one-half of the distal phalange of her left index finger, which included a small portion of bone substance. It was stipulated that as a matter of medical disability the appellant had lost 25 percent of the use of the finger. However, the administrative law judge ruled that the "loss of any portion of the first phalange . . . constitutes a loss of the first phalange for purposes of the Georgia Workmen's Compensation Act. . ." and accordingly awarded the appellant compensation for a 50 percent loss of the finger pursuant to Code Ann. § 114-406 (f), supra. The full board reversed, concluding that "[l]oss of less than half of a phalange is not equivalent to loss of the whole phalange." It accordingly reduced the award of compensation from 50 percent of the amount specified in the Act for loss of an entire index finger to 25 percent of that amount, which reflected the actual medical disability rating. The superior court affirmed. Having studied the extraordinarily fine briefs submitted by both parties, we also affirm.

In accordance with the decisions of other jurisdictions which have interpreted similar workmen's compensation provisions, we hold that Code § 114-406

(f) becomes operative and applicable only when it appears that "substantially all" of the phalange is removed and that "substantially all" means at least one half of the phalange. See In re Petrie, 215 N.Y. 335 (109 NE 549) (1915); Forbes v. Evening Mail, 194 App. Div. 563 (185 NYS 592) (1921); Fernandez v. Anheuser-Busch, Inc., 197 S2d 489 (Fla. 1967). See also 99 CJS 1124, Workmen's Compensation, § 312; 2 Larson, Workmen's Compensation Law 10-169, § 58.12.

The case of Bush v. Keystone Carbon Co., 236 A2d 231 (Pa. 1967), cited by the appellant, is inapposite. That case involved the construction of a statute which applied by its terms to the loss of "any substantial part" of the first phalange.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED MARCH 2, 1978 — DECIDED JUNE 22, 1978.

*Bennett, Wisenbaker & Bennett, Jim T. Bennett, Jr., Barry Chapman,* for appellant.
*Watson, Spence, Lowe & Chambless, Frank H. Lowe, Jr.,* for appellees.