400 So.2d 856 (1981)
Angela KING, Appellant,
v.
LORD COLONY ENTERPRISES and Liberty Mutual Insurance Company, Appellees.
No. XX-130.
District Court of Appeal of Florida, First District.
July 10, 1981.
L. Barry Keyfetz of Keyfetz & Poses, Miami, for appellant.
Frank E. Maloney, Jr., Fort Lauderdale, for appellees.
PER CURIAM.
This is an appeal from a deputy commissioner's order denying a claim for permanent partial disability benefits in excess of 20% of the hand as well as penalties and interest, and determining that August 31, 1979, was the date of maximum medical improvement. Angela King, the claimant in this case, was injured on March 30, 1979, when her right hand was caught in an automatic ironing device. Eventually, amputation *857 of the tips of several fingers of the right hand was necessary. The claimant has raised several meritorious points on appeal. Initially, we agree with appellant that the findings of the deputy commissioner were inadequate and that the finding that all benefits due claimant were timely paid was in error.
The employer/carrier commenced payment of benefits for permanent partial disability on February 6, 1980. As noted above, the deputy found that claimant reached maximum medical improvement on August 31, 1979, and that finding was not challenged on appeal. Appellant argues that the deputy erred in failing to order that the payment of permanent disability benefits be made effective August 31, 1979. We agree and reverse on this point. The payments for permanent partial disability should have been made effective the date of maximum medical improvement, and claimant is entitled to interest from the date the payments were due. Parker v. Brinson Construction Co., 78 So.2d 873 (Fla. 1955).
Benefits for temporary total disability were commenced on time, but at an incorrectly low compensation rate. Two upward adjustments were made in claimant's compensation rate in July, 1979, while she was still receiving temporary total disability benefits, but several months after the incorrect payments were made. Appellant argues that, pursuant to Section 440.20(5), Florida Statutes (Supp. 1978), penalties should have been awarded on the amounts which were paid to correct the error in the compensation rate. Appellee, while conceding that temporary total disability payments were initially made at an erroneously low rate, argues that no penalties are due because the original installments, although incorrect in amount, were paid on time. Appellee points out that as soon as the employer furnished the carrier with a wage statement, the error was corrected and the difference paid. No excuse was offered for the delay in determining the correct compensation rate, however, and we agree with appellant; full temporary benefits were not timely paid. One purpose for the penalty provision "is to induce prompt payment of legitimate claims and to protect claimants against unnecessary and unjustifiable delays." Brantley v. A D H Building Contractors, Inc., 215 So.2d 297 (Fla. 1968). This purpose is served by awarding penalties respecting benefits the payment of which is delayed due to an incorrect compensation rate, for which no excuse is offered. Cf. Salmon v. Electro-Phos Corp., 379 So.2d 1044 (Fla. 1st DCA 1980) (error to fail to adjudicate claim for penalties allegedly due as a result of late payment of benefits resulting from increase in compensation rate).
Appellant also argues, and appellee concedes, that claimant is entitled to interest on the late payment of these temporary total disability benefits. We agree and reverse on this point.
Finally, appellant argues that she was entitled to an award of permanent partial benefits in excess of the 20% disability of the hand rating accepted by the employer/carrier. The employer/carrier paid claimant for a 20% permanent partial disability of her hand, entitling her to 35 weeks of compensation. The deputy denied benefits in excess of this rating. The record reflects, however, that claimant lost the first phalange and a small part of the second phalange of her long or second finger, entitling her to compensation benefits for loss of the entire digit under the schedule, or 30 weeks. Section 440.15(3)(n), Florida Statutes (Supp. 1978); Fernandez v. Anheuser-Busch, Inc., 197 So.2d 489 (Fla. 1967). She also sustained injuries to her index and ring fingers, which were assigned ratings of 10% of the finger and 60% of the finger, respectively, by Dr. Turke, and 2% of the hand and 5% of the hand, respectively, by Dr. Smith. These ratings would yield an additional 15.5 (10% of 35 weeks plus 60% of 20 weeks) or 12.25 (7% of 175 weeks) weeks of compensation. Together with the 30 weeks of compensation due respecting the middle finger, claimant was entitled to either 45.5 weeks of compensation, based on Dr. Turke's rating of the index and ring fingers, or 42.25 weeks, based on Dr. *858 Smith's rating. Either combination of ratings would have yielded more than the 35 weeks paid by the employer/carrier. However, claimant was entitled to the most favorable of these scheduled remedies. LaBrecque v. Florida Vocational Rehabilitation and Division of Risk Management, 380 So.2d 482 (Fla. 1st DCA 1980). In addition, it would seem incongruous to combine a rating based on total disability of the second finger with Dr. Smith's ratings of 2% and 5% of the hand. Since the deputy did not expressly reject the opinion of Dr. Turke, claimant should have received the rating which would yield 45.5 weeks of compensation.
REVERSED AND REMANDED for entry of an order consistent with this opinion.
MILLS and SHAW, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge, concur.