ZEHMER, Judge.
Claimant Katrelia Johnson appeals a workers’ compensation order denying her claim for an attorney’s fee on the grounds of bad faith. Claimant contends that the carrier acted in bad faith in determining her average weekly wage and that the penalties assessed against the carrier were further evidence of its bad faith handling of this claim. We reverse.
On October 20, 1984, claimant suffered an injury to her right knee in an accident arising out of and in the course and scope of her employment. A claim was made for determination of average weekly wage and compensation rate, temporary total disability or temporary partial disability, penalties, interest, and attorney’s fees. In addition, claimant sought authorization for the past medical bills of Drs. Charney and Beinhaker and authorization of Dr. Matthews for future medical treatment, as well as payment for an initial evaluation by Dr. Matthews.
In an order dated October 23, 1985, the deputy determined that claimant’s average weekly wage was $133.26, resulting in a compensation rate of $88.34. He also determined that claimant was capable of light work as of January 10, 1985, that light duty filing work appropriate to the claimant’s limitations had been provided by the employer, and that claimant provided insufficient justification or excuse for her failure to continue in the light duty job. Accordingly, the deputy (1) denied claimant’s claim for temporary total disability or wage loss benefits based on temporary partial disability from January 10,1985 to Septem *732 ber 24, 1985; (2) ordered that the carrier bring the employee up to date on any compensation benefits due because of the correction of the average weekly wage and compensation rate and, in addition, to pay the appropriate penalties and interest on any back due compensation benefits; and (3) ordered that the carrier provide claimant with treatment under the care of Dr. Matthews, but denied the claims for unauthorized past medical bills of Dr. Charney and Dr. Beinhaker.
Nearly a year later, a hearing was held September 10, 1986, on a claim made for a statutory penalty pursuant to § 440.20(7) on the compensation benefits awarded in the October 23, 1985 order, the statutory minimum interest pursuant to § 440.20(9) on the prior compensation award, a statutory penalty of 20% on an alleged late payment of compensation benefits, and a renewed claim for temporary total disability or temporary partial disability benefits. In a November 24, 1986 order the deputy ordered the carrier to pay the statutory minimum penalty of $5 and the statutory minimum interest of $5 on the compensation benefits awarded in the order of October 23, 1985, found that the 20% statutory penalty was not due and owing, and denied the claim for temporary total disability or temporary partial disability benefits.
This matter came before the deputy again on March 30, 1987, at which time evidence was taken on the issue of claimant’s entitlement to an award of attorney’s fees from the carrier based on its bad faith. Claimant’s attorney took the position that two things occurred which constituted bad faith: first, the carrier failed to investigate and timely pay at the correct compensation rate, and second, the employer, through its servicing agent in April 1985, totally denied claimant additional medical care necessitating a hearing and subsequent award.
The carrier’s servicing agent testified that the first compensation payment was made on November 13,1984, with the original compensation rate taken off the employer’s first report, and “that was set up with the average weekly wage of $111.60 with a compensation rate of $74.40.” He testified that the carrier wrote to the employer on October 29, 1984, requesting a thirteen week wage statement but that the requested statement was not received until April 10, 1985. He also stated that a claim asking for benefits and a determination of claimant’s average weekly wage was received on January 30, 1985. On April 11, 1985, the carrier made an adjustment of $81.61 towards claimant’s compensation, and an additional $41.30 was paid to claimant after the order of October 23, 1985. Part of the reason for the adjustment was attributable to the value of claimant’s uniforms, which had been added belatedly to the average weekly wage.
In his final order, the deputy found that the benefits obtained and reflected in the final orders consisted of $132 in compensation benefits and medical treatment by Dr. Matthews in the amount of $428, and that claimant’s attorney invested 42.5 hours in handling this matter, including 3 hours preparation for the attorney’s fee hearing. The deputy also noted that the primary issues in the three prior hearings involved claims for disability payments or wage loss and substantial claims for unauthorized medical care, all of which were denied. The deputy concluded that the claimant had failed to sustain the burden of proving that the carrier had acted in bad faith in handling this case, and further, that the adjustments to the compensation rates were de minimis and that claimant had not suffered an economic loss sufficient to subject the carrier to responsibility for attorney’s fees.
It is well settled that a deputy commissioner is generally accorded broad discretion in determining whether the carrier is guilty of bad faith and that determination will be upheld absent a clear abuse of discretion. However, this discretion is not unlimited and is subject to reversal if there is a clear abuse of discretion or a departure from the law. Florida Erection Services, Inc. v. McDonald, 395 So.2d 203 (Fla. 1st DCA 1981).
Section 440.34(3)(b), Florida Statutes (1983), allows a claimant to recover a reasonable attorney’s fee from the carrier
*733 in cases in which the deputy commissioner issues an order finding that a carrier has acted in bad faith with regard to handling an injured worker’s claim and the injured worker has suffered economic loss. For the purposes of this paragraph, the term “bad faith” means conduct by the carrier in the handling of a claim which amounts to fraud; malice; oppression; or willful, wanton, or reckless disregard for the rights of the claimant.
Passive delay in determining benefits due or failure to pay uncontroverted benefits are acts also subject to the provisions of this statute. Grafton v. Sacred Heart Hospital, 504 So.2d 537 (Fla. 1st DCA 1987). The theory underlying the attorney’s fee provisions of the Workers’ Compensation Law in chapter 440 is that it should be self-executing and benefits should be paid without the necessity of any legal and administrative hearings. Florida Erection Services, Inc. v. McDonald, 395 So.2d at 209.
In this case, the carrier’s actions regarding the calculation of claimant’s average weekly wage defeated this self-executing intent. The carrier began paying claimant benefits on November 13, 1984, and on October 29, 1984, requested wage information from the employer. It was not until April 10, 1985, that the employer supplied the carrier with the thirteen-week wage statement. This was almost six months after the initial request and three months after claimant filed a claim and request for a hearing to determine average weekly wage. There is no indication that during this period the carrier made any other effort to determine claimant’s actual average weekly wage nor did the carrier or employer provide any excuse for this inordinate delay. Neither was there any explanation as to why the value of claimant’s uniforms was not included in the initial calculation of her average weekly wage. Cf. Rusty Pelican Restaurant v. Garcia, 437 So.2d 754 (Fla. 1st DCA 1983) (Failure to include in average weekly wage the reasonable value of a fringe benefit is tantamount to bad faith). These actions frustrated the purpose of the Act and constituted a prima facie showing of bad faith. The deputy’s finding of no bad faith fails to comport with the applicable law and the evidence of record.
In addition, § 440.20(7) authorizes the imposition of penalties on late payments as a punitive measure. The fact that late penalties have been assessed against the carrier on two occasions (the second involving the assessment of penalties for non-payment of penalties) established a prima facie showing of bad faith conduct on the part of the carrier which was not adequately explained and excused by any evidence provided by the carrier. Cf. Harper Plumbing & Heating v. Boyd, 418 So.2d 396 (Fla. 1st DCA 1982) (Reasonable excuse for nonpayment of benefits may preclude award of attorney’s fees on basis of bad faith).
This cause is remanded to the deputy commissioner with directions to grant claimant’s claim for attorney’s fees, the award to be based on the benefits actually obtained by claimant’s attorney. Appellant’s motion for appellate attorney’s fees pursuant to section 440.34(5) is granted and remanded to the deputy commissioner for determination of the amount.
REVERSED and REMANDED.
WENTWORTH and BARFIELD, JJ., concur.