SHIVERS, Judge.
The claimant in this workers’ compensation case appeals an order entered by the deputy commissioner (DC) denying her claim for bad faith attorney’s fees, pursuant to section 440.34, Florida Statutes. We reverse the denial of attorney’s fees, and remand for further proceedings.
The record on appeal indicates that the appellant filed a claim in 1983 seeking temporary total disability benefits and medical treatment, and that the claim was later amended to add an alternative request for temporary partial disability benefits. After a hearing in July of 1985, the deputy commissioner entered an order denying the claim on the basis that claimant had failed to provide medical evidence of total disability, had failed to provide evidence of a good faith job search, and had failed to submit appropriate forms requesting temporary partial disability benefits. Claimant appealed the deputy’s order in 1986. This court affirmed the denial of temporary total benefits, but reversed the denial of temporary partial benefits on the basis that the employer/carrier’s (E/C’s) failure to inform the claimant of her rights and obligations under the Workers’ Compensation Act excused the necessity of a good faith job search. The case was remanded to allow the claimant to submit proper wage loss forms for the period between November 30, 1983 and November 1984. See Morris v. Metal Industries, 491 So.2d 312 (Fla. 1st DCA 1986).
Claimant submitted the proper wage loss forms on remand; however, the E/C failed to pay benefits within 14 days of her request therefor, or to file a notice to controvert the benefits. Claimant applied for a hearing on the issue of the E/C’s failure to pay or controvert, and the E/C contended at the hearing that claimant’s wage loss was not the result of her industrial accident. No evidence was submitted at the hearing other than the record of the proceedings on the original claim. The deputy entered an order in May 1987, ordering the E/C to pay the requested benefits in a lump sum, and imposing interest and penalties. The E/C did not appeal that order. Claimant subsequently filed a claim for payment of bad faith attorney’s fees by the E/C, and a third hearing was held at which the parties again relied on the record from the original proceedings. The deputy entered a final order on October 5, 1987, denying the claim for bad faith attorney’s fees on the bases that (1) the E/C’s failure to inform claimant of her workers’ compensation rights and obligations was a “legal technicality,” and (2) the claimant was partially responsible for the miscommunica-tions between the carrier, doctor, and claimant, which led to the E/C’s delay in paying the requested benefits after remand.
First, we note that the DC correctly stated in his final order that, at the time of the events of this case, the appellate court had not specifically held that an E/C’s failure to provide wage loss forms and instructions obviated the need for a job search. *758 DeFrees v. Colt and Dumont/Hit Sales, 483 So.2d 848 (Fla. 1st DCA 1986), which was the first case to explicitly make such a finding, was released in 1986, while the operative events in the instant case occurred in 1983. The issue in this case, however, is not whether the E/C’s failure to furnish the claimant with information and forms excused the job search requirement, but whether the E/C’s failure constituted bad faith under section 440.34(3)(b), Florida Statutes. As defined in that section, bad faith includes a carrier’s conduct in the handling of a claim which amounts to “fraud; malice; oppression; or willful, wanton, or reckless disregard of the rights of the claimant.” Either active or passive delay or denial of benefits are subject to the provisions of the statute, in light of the theory that the workers’ compensation laws should be self-executing and that benefits should be paid without the necessity of legal or administrative hearings. Florida Erection Services, Inc. v. McDonald, 395 So.2d 203 (Fla. 1st DCA 1981). We find that the failure of the E/C in the instant case to provide the claimant with forms and information regarding wage loss was, at the very least, part of the E/C’s overall pattern of active and passive delay and denial of benefits to the claimant and, as such, supports a finding of bad faith and an award of attorney’s fees.
Even assuming the E/C’s failure to provide forms and information did not constitute bad faith, attorney’s fees should have been awarded on the basis of the E/C's failure to timely pay benefits after this court’s remand in 1986. Following the reversal of the DC’s failure to award wage loss benefits, the claimant properly submitted wage loss forms on November 3, 1986. By February 10, 1987, the E/C had not paid the requested wage loss benefits or filed a notice to controvert and, subsequently, claimant filed another petition for hearing. The hearing was held on May 28, 1987, at which the E/C argued (although they had still not filed a notice to controvert) that claimant’s wage loss was not related to her industrial accident. No new evidence or testimony was presented, and the DC held in claimant’s favor and assessed penalties against the E/C pursuant to section 440.20(7) for late payment of benefits. As in Johnson v. Mariott Hotel, 523 So.2d 730 (Fla. 1st DCA 1988), the DC’s assessment of late penalties established a prima facie showing of bad faith conduct on the part of the carrier which was not adequately explained or excused by any evidence provided by the carrier. The DC’s finding that “claimant was partially responsible for the miscommunication between the carrier, doctor, and claimant” went only to the E/C’s earlier failure to provide timely medical care, and not to the failure to timely pay wage loss benefits after claimant’s submission of forms. Therefore, there is neither a finding by the DC nor any evidence in the record of an adequate excuse for the carrier’s failure to timely pay benefits.
Accordingly, we reverse the deputy’s 1987 order denying attorney’s fees pursuant to section 440.34(3)(b), Florida Statutes, and remand for further proceedings.
REVERSED AND REMANDED.
MILLS and WIGGINTON, JJ., concur.