WIGGINTON, Judge.
Claimant brings this appeal from the order of the judge of compensation claims denying his claim for additional penalties and interest. We reverse.
The facts are not disputed by the parties. For purposes of this appeal they reveal that claimant was injured in a com-pensable accident on March 16, 1987. He immediately received temporary total disability benefits, but for 16 two-week periods the benefits were based on an incorrect average weekly wage. Ultimately, on August 2, 1988, the employer/carrier accepted the fact that claimant’s average weekly wage should have been six dollars higher per week and administratively corrected it, issuing a single check for the difference in addition to paying penalties and interest computed on the above lump-sum amount.
A claim for benefits had meanwhile been filed on August 4, 1987, seeking a determination of claimant’s average weekly wage and temporary total or temporary partial disability benefits, along with appropriate penalties and interest. Appellees defended at the hearing by alleging that all temporary total or temporary partial disability benefits had been paid and that appellant was not entitled to the claimed penalties and interest. To the contrary, it was claimant’s position that he was owed the greater of ten percent or five dollars in penalties and the greater of twelve percent or five dollars in interest for each individual installment of benefits that was paid at an incorrect rate, as provided in Section 440.-20(7) and (9), Florida Statutes (Supp.1986).
In her amended order filed January 11, 1990, the judge of compensation claims adopted the employer/carrier’s interpretation of section 440.20(7) and (9), to the effect that subsections (7) and (9) were not intended for application on a per pay-period basis for adjustments in the average weekly wage. The judge also added that the statute is specific in its application to benefits “not paid,” and does not apply to benefits paid incorrectly. Accordingly, the claim for additional penalties and interest was denied.
Section 440.20(7) provides in pertinent part that,
[i]f any installment of compensation ... is not paid within 14 days after it becomes due ... there shall be added to such unpaid installment a punitive penalty of an amount equal to the greater of 10 percent of the unpaid installment or $5, which shall be paid at the same time as, but in addition to, such installment of compensation_ (emphasis added).
Similarly, section 440.20(9) provides that,
[1]n addition to any other penalties provided by this chapter for late payment, if any installment of compensation is not paid when it becomes due, the employer, carrier, or servicing agent shall pay interest thereon at the rate of 12 percent per year from the date the installment becomes due until it is paid.... The interest payment shall be the greater of the amount of interest due or $5. (emphasis added).
We agree with the claimant that the clear and logical intent of these two subsections is that the phrases “any installment” and “unpaid installment” must of necessity include an installment paid incorrectly. Thus, that portion withheld from the installment is, itself, essentially an unpaid installment within the meaning of the stat *530 ute. The subsections also clearly provide that when each installment is paid incorrectly, interest and penalties shall attach to said installment. See King v. Lord Colony Enterprises, 400 So.2d 856 (Fla. 1st DCA 1981). Thus, we reject the employer/carrier’s argument that the penalties and interest were to be computed from the lump-sum payment, grouping together the 16 installments.
Accordingly, for the foregoing reasons, the order of the judge of compensation claims is reversed and the cause remanded to allow for imposition of penalties and interest due and payable on the adjustments to each individual installment of compensation benefits rather than to the lump-sum adjustment. As noted by the claimant, this would amount to $80 in penalties and $80 in interest.
REVERSED and REMANDED for further proceedings consistent with this opinion.
SMITH and BARFIELD, JJ., concur.