JOANOS, Chief Judge.
The claimant in this workers’ compensation case appeals the amount of an attorney’s fee award. The issue is whether the judge of compensation claims erred in failing to award an attorney’s fee on the total stipulated amount of permanent total disability benefits and supplemental benefits obtained for claimant, in accordance with the statutory formula set forth in section 440.34, Florida Statutes. We reverse.
The claimant suffered a compensable back injury on May 5, 1987. After undergoing surgery for two ruptured discs, he reached maximum medical improvement on October 17, 1988. The carrier began paying wage-loss benefits at that time, and continued to do so up until September 19, 1990, the date of the order finding claimant to be permanently totally disabled. The claims adjuster for the carrier testified that the carrier would have continued to pay wage-loss benefits for the entire period of wage-loss eligibility, if necessary. The adjuster explained that although a rehabilitation specialist had been assigned to the case, the claimant lives in such an isolated area that the company could not expect him to perform a job search every day. The adjuster stated that permanent total disability benefits were contested because the claimant had transferable skills and some ability to work. However, the adjuster also acknowledged that claimant was required to conduct a work search during the entire period between his date of maximum medical improvement and the permanent total disability determination, claimant was never advised that he did not have to conduct a work search, a check did not go out to him until fifteen days after receipt of his work search documents, and if he had not continued to do a work search — he would not have received wage-loss benefits.
In a joint stipulation, the parties agreed: (1) the present value of permanent total disability benefits from July 10, 1990, including future supplemental benefits, is $95,700; (2) a statutory attorney fee on $95,700 is $15,105; (3) the carrier paid ninety weeks of wage loss benefits, from date of maximum medical improvement through date of permanent total disability; (4) the present value of the 430 weeks of wage-loss benefits to which claimant might have been entitled is $42,061.29; and (5) a statutory fee on this amount is $9,245.81.
In the order awarding attorney’s fees, the judge found the unrefuted evidence showed the carrier intended to continue paying wage-loss benefits until the 520-week period of entitlement had expired, and that claimant would have received the 430 weeks of wage-loss benefits available under the statute, regardless of his attorney’s efforts.[1] Since claimant had received wage-loss benefits for ninety weeks prior to the permanent total disability determination, the judge deducted the present value of the remaining 430 weeks of claimant’s potential entitlement. The judge then ruled that claimant’s attorney was entitled to a statutory fee on all supplemental benefits, reduced to present value, and on the present value of all permanent total disability benefits which claimant would have received after expiration of the 430 weeks still potentially available pursuant to statute. See § 440.15(3)(b)3.c, Fla.Stat. (1987). Based on these calculations, the judge awarded an attorney’s fee of $9,245.81, *281 concluding that this amount represented the statutory fee based on the benefits obtained for the claimant through the efforts of his attorney.
Section 440.34(2), Florida Statutes (1987), provides:
In awarding a reasonable attorney’s fee, the deputy commissioner shall consider only those benefits to the claimant that the attorney is responsible for securing.
This provision has been construed to mean “that an attorney’s fee should be determined on the basis of the total benefits secured as the result of the lawyer’s intervention.” Barr v. Pantry Pride, 518 So.2d 1309, 1318 (Fla. 1st DCA 1987), review denied, 525 So.2d 876 (Fla.1988); Jackson v. Dade County School Board, 484 So.2d 1290, 1291 (Fla. 1st DCA 1986). See also Wiseman v. AT & T Technologies, 569 So.2d 508, 511 (Fla. 1st DCA 1990); Johnson v. Marriott Hotel, 523 So.2d 730, 733 (Fla. 1st DCA 1988).
In Moss v. Keller Industries, Inc., 393 So.2d 574 (Fla. 1st DCA 1981), the employer did not accept permanent disability benefits until twelve days after commencement of the first hearing. The court found that even if it were considered that a hearing was not actually forced, employer/carrier gave that impression, and acquiesced in the expenditure of time and effort by claimant’s attorney in preparing for and commencing presentation of the claim. The court found, as a practical matter, there was little difference in the compensable time and effort required to recover the temporary benefits, plus the additional ten percent permanent disability, than would have been necessary in the absence of any voluntary payment. Based on this conclusion, the court held that “admissions and voluntary acceptance of benefits ‘in midstream’ cannot be translated into a mathematical reduction in attorney’s fees based upon a percentage of the award.” 393 So.2d at 578.
In the instant case, the judge reduced the value of the permanent total disability benefits obtained for claimant through his attorney’s efforts by the amount deemed to represent the present value of the 430 weeks of wage-loss benefits which the claims adjuster testified would have been paid to claimant for the full period of eligibility, if he had not prevailed on the permanent total disability claim. However, the claims adjuster also testified that the wage-loss benefits would not be paid absent a continuing work search, even though she recognized the futility of a work search in this case.
There is no authority for reduction of the value of a permanent total disability award by the value of the number of weeks of unused wage-loss entitlement remaining to a particular claimant pursuant to section 440.15(3)(b)3.c. Entitlement to wage-loss benefits is determined on a weekly basis, and the amount of wage loss payable for each period is calculated with reference to the claimant’s actual earnings for that period, or, if the claimant is not employed, upon evidence of a good faith work search. See § 440.15(3)(b)2, Fla.Stat. (1987). Because the payment of wage-loss benefits is contingent upon future events, the value of an unexpired term of wage-loss benefits cannot be ascertained, and cannot be used as a vehicle for reduction of an attorney’s fee award.
The record in this case reflects that the determination that claimant is permanently totally disabled, and thus exempt from the work search requirement as a condition precedent to the receipt of workers’ compensation benefits, was due to his attorney’s intervention. Therefore, the attorney’s fee award must be based on the full amount of the present value of the permanent total disability benefits and the supplemental benefits, without a reduction predicated upon the 430 weeks of wage-loss benefits which were unused due to the permanent total disability determination. Here, as in Moss v. Keller Industries, the fact that employer/carrier had paid wage-loss benefits since the date of maximum medical improvement, made no difference in the amount of time and effort expended by claimant’s attorney to obtain the permanent total disability determination.
Accordingly, the order awarding attorney’s fees is reversed, and the cause is *282 remanded with directions to calculate the attorney’s fee on the total stipulated amount of permanent total disability benefits and supplemental benefits obtained for claimant by virtue of his attorney’s efforts.
WOLF and KAHN, JJ., concur.

. § 440.15(3)(b)3, Fla.Stat. (1987), provides in part:
3. The right to wage-loss benefits shall terminate:
a. At the end of any 2-year period commencing at any time subsequent to the month when the injured employee reaches the date of maximum medical improvement, unless during such 2-year period wage-loss benefits shall have been payable during at least 3 consecutive months;
[[Image here]]
c. For injuries occurring after July 1, 1980, 525 weeks after the injured employee reaches maximum medical improvement; whichever comes first.