594 So.2d 353 (1992)
Andrea McCLURE, Appellant,
v.
GOLDMAN, KLASFELD, HORKEY & FERRARO and St. Paul Fire & Marine Company, Appellees.
No. 91-750.
District Court of Appeal of Florida, First District.
March 9, 1992.
*354 Richard B. Berman of Richard B. Berman, P.A., Lauderhill, for appellant.
Howard L. Wander of Adams, Kelley, Kronenberg & Kelley, Fort Lauderdale, for appellees.
ALLEN, Judge.
The claimant appeals a workers compensation order by which various benefits were awarded, but claims for penalties, interest, costs, and an attorneys fee were denied. We conclude that the order does not reveal the basis for the denial of an attorney's fee, and that the circumstances of this case require an award of penalties, interest, and costs.
The claimant sustained an injury which was accepted as compensable, and for which compensation benefits were paid. The carrier suspended payment, and then resumed payment at a reduced rate, after discovering that the claimant had worked during a period for which temporary total benefits were paid. The carrier subsequently recommenced payment at the full rate, but then ceased all payments after determining that the claimant was at maximum medical improvement. Claims were eventually made for wage loss and additional temporary total benefits, together with penalties, interest, costs, and a bad faith attorney's fee.
At a hearing on the claims, the carrier indicated that it had reduced the claimant's temporary total benefits in order to recoup the prior overpayment when the claimant had unreported earnings. But the recoupment was not limited to the amount of the claimant's earnings, so the judge ordered that the claimant be credited for the excess recoupment. Sections 440.20(7) and (9), Florida Statutes, permit the assessment of penalties and interest upon an underpayment of compensation. See Santana v. Atlantic Envelope Co., 568 So.2d 528 (Fla. 1st DCA 1990). The excess recoupment produced an underpayment, and the employer/carrier has not shown that this resulted from circumstances beyond its control. The carrier persisted in the underpayment even after ascertaining the amount of the claimant's earnings. Accordingly, penalties and interest should have been awarded upon the excess recoupment.
Penalties and interest should also have been awarded upon the wage loss payments which the judge ordered, and which the employer/carrier had failed to provide. As indicated in Hulbert v. Avis Rent-A-Car Systems, 469 So.2d 235 (Fla. 1st DCA 1985), the employer/carrier may not avoid the assessment of penalties and interest by awaiting the submission of wage loss forms after they have failed to furnish the claimant with the necessary forms and information.
The claimant sought a bad faith attorney's fee under section 440.34(3)(b), Florida Statutes (1987). Various benefits were ultimately secured through the intervention of the claimant's attorney. A bad faith claim may be predicated upon a delay in payment which is occasioned by a reckless failure to ascertain the claimant's rights. See Holiday Care Center v. Scriven, 418 So.2d 322 (Fla. 1st DCA 1982); Florida Erection Services, Inc. v. McDonald, 395 So.2d 203 (Fla. 1st DCA 1981); see also, Johnson v. Marriott Hotel, 523 So.2d 730 (Fla. 1st DCA 1988). The appealed order does not indicate why the attorney's fee claim was denied. On remand, the judge should reconsider this matter and provide new findings. The judge should either award an attorney's fee or explain why the fee claim is denied.
Because she prevailed upon various claims in the proceedings below, the claimant is also entitled to an award of costs in accordance with section 440.34(3), Florida Statutes. The order is reversed insofar as it denies the claim for penalties, interest, costs, and an attorney's fee, and the cause is remanded.
SMITH and ZEHMER, JJ., concur.