PER CURIAM.
The City of West Palm Beach and Johns Eastern Company, Inc. (E/SA) appeal the JCC’s order concerning the calculation of the Grice offset, the payment of the underpayment in full without offset of a simultaneous overpayment with penalties, the psychiatric treatment with either Dr. Calo-brisi or Dr. Seminario, the payment of unpaid medical bills, and the award of penalties for nonpayment of temporary partial benefits. We reverse the imposition of penalties on the underpayment of compensation benefits and the nonpayment of temporary partial benefits. We affirm on all other issues on appeal without further discussion.
The E/SA argues on appeal that the JCC failed to make any findings of fact to substantiate the award of penalties on the underpayment of benefits. We agree. The JCC’s order must set forth the ultimate facts upon which the penalties are based. See Davis v. Broward County Health Dep’t, 570 So.2d 371 (Fla. 1st DCA 1990). Here, the JCC merely cited McClure v. Goldman, Klasfeld, Horkey, and Ferraro, 594 So.2d 353 (Fla. 1st DCA 1992), as support for imposing penalties. This was insufficient as the JCC did not include any ultimate facts apart from the citation. Therefore, we reverse the imposition of penalties on the underpayment and remand to the JCC for a determination of penalties which includes the ultimate facts upon which the determination is based.
The E/SA next contends that the JCC erred in imposing penalties on the nonpayment of temporary partial benefits. It claims that it properly filed Notices of Denial on the claims for temporary partial benefits. Section 440.20(7), Florida Statutes (1991) provides for the assessment of a penalty if an installment of benefits is not paid within 14 days after it becomes due unless the E/SA files a Notice of Denial or the nonpayment results from conditions beyond the control of the E/SA. Section 440.20(6), Florida Statutes (1991), requires the E/SA to file its Notice of Denial within 21 days of its knowledge of the claim. Competent, substantial evidence does not exist in the record to support the JCC’s imposition of penalties. The record contains evidence that the E/SA controverted within 21 days the claimant’s requests for temporary partial benefits for the time periods in question. Therefore, we reverse the assessment of penalties for the nonpayment of temporary partial benefits.
AFFIRMED in part; REVERSED in part; REMANDED with directions.
PADOVANO, BROWNING and LEWIS, JJ., concur.